62649. TELLIGMAN et al. v. MONUMENTAL PROPERTIES, INC.

CARLEY, Judge.
Plaintiff-appellant, an invitee who slipped and fell on ice located on business premises, appeals from the grant of summary judgment to the defendant-appellee, the proprietor of the business.

1. Appellee's original motion for summary judgment was denied on August 18, 1980. The second motion, which was granted and which is the basis for the instant appeal, was made some nine months later, in May of 1981. In the interim between the denial of the first motion for summary judgment and the grant of the second, there was no expansion of the record to include any additional significant evidence. In related enumerations of error appellant asserts that the trial court abused its discretion and erred in "rehearing" appellee's motion for summary judgment which had originally been denied.

Appellant contends, in essence, that absent an expansion of the record, appellee's second motion for summary judgment was no more than a renewal of the previously denied motion and the trial court was without authority to consider and to grant it. "After a review of statutory and case authority, we conclude that it is within the discretion of a trial judge to consider a renewed motion for summary judgment even without an expansion of the record." *Premium Dist. Co. v. Nat. Dist. Co.*, 157 Ga. App. 666, 667 (1) (278 SE2d 468) (1981).

It is clear from the record that appellant expressly waived the "notice" requirement of Code Ann. § 81A-156 (c) as to the renewed motion. See *Johnson v. Heifler,* 141 Ga. App. 460 (233 SE2d 853) (1977). After appellant stated there was "no objection" to "proceeding into a summary judgment hearing on the matter at this time," the trial court conducted a full hearing on the motion in accordance with the requirements of Code Ann. § 81A-156. Compare *Premium Dist. Co.,* 157 Ga. App. at 668 (2), supra. Therefore, without endorsing the procedure followed in the instant case regarding the renewal of appellee's motion for summary judgment, we hold that appellant's waiver of any objections thereto is determinative of the procedural issues raised on appeal. *Johnson,* 141 Ga. App. 460, supra.

2. Appellant enumerates as error the merits of the grant of summary judgment to appellee, contending that under the evidence of record genuine issues of material fact remained for jury resolution.

Resolution of this question requires that we establish as a predicate the applicable legal principles and parameters within which the facts of the instant case must be considered. "[I]n order for [a plaintiff in a slip and fall case such as this] to recover, two elements must exist: (1) fault on the part of the owner, and (2) ignorance of the danger on the part of the invitee, [cit.]." *Pound v. Augusta Nat.,* 158 Ga. App. 166, 168 (279 SE2d 342) (1981). Stated another way, liability for injuries resulting from an invitee's slip and fall on a proprietor's premises is determined by the relative "knowledge" possessed by the proprietor and the invitee of the condition or hazard which resulted in the injury. " 'The basis of the proprietor's liability is his superior knowledge, and if his invitee knows of the condition or hazard there is no duty on the part of the proprietor to warn him and there is no liability for resulting injury because the invitee has as much knowledge as the proprietor does and then by voluntarily acting in view of his knowledge, assumes the risks and dangers incident to the known condition.' " *Rogers v. Atlanta Enterprises, Inc.,* 89 Ga. App 903, 906 (81 SE2d 721) (1954). Thus, in cases such as the instant one, where an invitee has slipped and fallen on a foreign substance such as ice, "knowledge" is the decisive issue and "the plaintiff must show (1) that the defendant had actual or constructive knowledge of the foreign substance and (2) that the plaintiff was without knowledge of the substance or for some reason attributable to the defendant was prevented from discovering the foreign substance." *Alterman Foods v. Ligon,* 246 Ga. 620, 623 (272 SE2d 327) (1980). Therefore, the legal issue in the instant case is whether the evidence, when construed most favorably for appellant, demonstrates as a matter of law that appellee did not have knowledge superior to that of appellant of the

condition or hazard which resulted in the slip and fall.

Central to the facts of this case is an ice storm which occurred in the Atlanta area on January 12-13, 1978. It is undisputed that both appellant and appellee had actual knowledge of the generally prevailing meteorological conditions in the Atlanta area on the morning of January 13, 1978 and were aware that sleet and frozen rain had accumulated overnight. With specific regard to the conditions existing at appellee's business premises and the measures taken with regard thereto, the evidence shows that appellee's maintenance crew apparently arrived at 7 a.m. and began work pursuant to appellee's "inclement weather procedures" which anticipated that "any corrective measures needed [would] be taken in sufficient time before customers begin arriving for 10:00 a.m. opening." Appellee's maintenance crew apparently began to take such established corrective actions with regard to the icy conditions existing on the sidewalk areas of the premises, including manually chipping away ice, spreading salt and roping off hazardous areas. Despite these "corrective" activities appellee concedes that its maintenance crew made "no efforts" to remove the ice from in front of one of the entrances into the premises, ostensibly because such efforts were not deemed necessary.

Under these circumstances, a finding would be authorized that appellee was at "fault" with regard to any hazardous icy condition existing at this entrance and had at least constructive knowledge thereof. See generally *Winn-Dixie Stores v. Hardy,* 138 Ga. App. 342 (226 SE2d 142) (1976); *Sharpton v. Great A & P Tea Co.,* 112 Ga. App. 283 (145 SE2d 101) (1965). Compare *Auerbach v. Padgett,* 122 Ga. App. 79 (176 SE2d 193) (1970); *Holtzclaw v. Lindsay,* 122 Ga. App. 703 (178 SE2d 561) (1970); *Fincher v. Fox,* 107 Ga. App. 695 (131 SE2d 651) (1963). Indeed, on appeal appellee is apparently willing to concede for the sake of argument that such a finding would be authorized under the evidence of record, arguing only that appellant's "equal" knowledge of any hazardous icy condition existing in front of the entrance to the premises bars her recovery in the instant case. Accordingly, we turn to the evidence concerning appellant's knowledge of the existence of ice on appellee's business premises.

On the morning of January 13, 1978, appellant called to determine whether appellee would be open for business despite the weather conditions. Appellant was told by appellee that the business would be opening at approximately 10:30 a.m. Acting on this information, appellant drove to appellee's premises. She encountered no ice in appellee's parking lot. Appellant was, however, keeping a vigilant lookout for the presence of ice on her path and, as

she approached the entrance, she saw that there were some icy accumulations on the sidewalk. Apparently with this knowledge appellant elected to stay on the relatively ice-free parking lot surface until such time as she could find a safe place to step up on the sidewalk. Believing that she had in fact discovered a safe place to step up onto the sidewalk and enter appellee's premises, appellant attempted to do so. Appellant immediately slipped on "[a]n almost invisible patch of ice that [she] could not see until [she] fell [on it] ..." It is this evidence which appellee urges demonstrates, as a matter of law, that appellant had at least "equal knowledge" of the hazard and that she cannot recover.

We find appellee's arguments in this regard totally unpersuasive. This evidence demonstrates conclusively that appellant had no actual knowledge of the "invisible" ice hazard. Appellant's testimony establishes that "[she] was looking, but [she] didn't see any ice there. So, that was what made [her] step up [onto the sidewalk] where [she] did." Furthermore, the evidence demonstrates no basis for a finding that appellant had constructive knowledge of the "invisible" ice hazard. Compare *Pound,* 158 Ga. App. 166, supra (plaintiff had walked across the surface previously and was aware that she was walking on rocks, the "condition" which caused the fall); *Tidwell v. Southern Bell Tel. &c. Co.,* 156 Ga. App. 153 (274 SE2d 137) (1980) (plaintiff "aware" of danger through prior exposure); *Shamis v. Southern Bell Tel. &c. Co.,* 155 Ga. App. 513 (271 SE2d 658) (1980) (plaintiff "aware" of preexisting hazardous condition); *Sears, Roebuck & Co. v. Reid,* 132 Ga. App. 136 (207 SE2d 532) (1974) (hazard discoverable by observation but plaintiff did not see it "until just as he fell"); *Auerbach v. Padgett,* 122 Ga. App. 79, supra (plaintiff aware of "small dip or depression in the sidewalk and that water accumulated in it" yet stepped into it under freezing conditions). Appellee's argument therefore becomes, in essence, an assertion that appellant cannot claim a lack of knowledge of the invisible ice hazard because she was aware of the generally existing icy weather conditions and of the specific presence of ice on at least some portions of appellee's sidewalks. However, it is a plaintiff's knowledge of the *specific* hazard which precipitates the slip and fall which is determinative, not merely his knowledge of the generally prevailing hazardous conditions or of the hazardous conditions which he observes and avoids. The true issue in a slip and fall case such as the instant one is whether "the plaintiff was without knowledge of the [foreign] substance" which precipitated his slip and fall. *Alterman,* 246 Ga. at 623, supra. To hold that appellee is insulated from potential tort liability for its own negligence because its customers are deemed to have had "constructive knowledge" of an invisible ice

patch as the result of their actual knowledge of otherwise existing icy conditions and hazards would make those customers, in effect, mere trespassers on appellee's premises to whom virtually no duty would be owed with regard to the maintenance of an icy hazard. We do not understand this to be the law in slip and fall cases. *Fincher,* 107 Ga. App. 695 (1), supra. Assuming the proprietor to be at "fault" with regard to the hazard, the true issue is whether the invitee was ignorant of *that* hazard. " 'Knowledge of the [general] presence of ice and snow would impose upon the plaintiff the duty of exercising that degree of care commensurate with her knowledge, but would only be a circumstance to be considered by the jury along with all others in determining if the plaintiff exercised due care for her own safety.' [Cit.]" *Phelps v. Consolidated Equities Corp.,* 133 Ga. App. 189, 193 (210 SE2d 337) (1974). Accepting appellant's evidence as true, she called appellee to determine whether its business would be opening in spite of the inclement weather conditions. Appellee, with actual knowledge of those conditions and with at least constructive knowledge of the invisible ice hazard at its entry way, informed appellant that its business would be open and, insofar as the weather was concerned, there was no need for appellant to remain a "captive" in her home because of icy conditions. See *Hull v. Massachusetts Mut. Life Ins. Co.,* 142 Ga. App. 269 (235 SE2d 601) (1977). Acting upon appellee's statements, appellant arrived at appellee's business premises where she noticed ice on some parts of the sidewalk. In attempting to avoid the apparent icy hazards, appellant, maintaining an active lookout, selected what she thought to be the only safe, non-icy "alternative" path to appellee's premises. See *Hull,* 142 Ga. App. 269, supra. Unbeknownst to appellant, however, the apparently "safe" alternative was in fact covered by an invisible icy patch which, although she had been looking, had not been discovered until she had already slipped and fallen on it. See generally *Smith v. Swann,* 73 Ga. App. 144 (35 SE2d 787) (1945). Under this construction of the evidence, appellant, though in the exercise of due care, was "without knowledge of [the] presence" of the ice which caused her to slip and fall and which was existing on appellee's premises due to its negligence in failing to discover and remove or warn against it. See *Alterman Foods,* 246 Ga. at 622-623, supra. Thus, under this construction of the evidence, appellee had at least constructive knowledge of the existence of an invisible patch of ice at its business entrance and appellant had no knowledge of it, either actual or constructive. Appellee's constructive knowledge of the hazardous condition being "superior" to appellant's total lack of such knowledge, it follows that the trial court erroneously granted summary judgment to appellee.

*Judgment reversed. Deen, P. J., and Banke, J., concur.*

DECIDED JANUARY 21, 1982.

*Jerry B. Hatcher,* for appellants.
*William A. Dinges, William D. Temple,* for appellee.