65574. WEIGHT WATCHERS OF GREATER ATLANTA v. WELBORN.

DEEN, Presiding Judge.

Weight Watchers of Greater Atlanta appeals from a judgment entered after jury verdict in favor of Susan Welborn contending that the court erred in denying its motions for a directed verdict. *Held:*

The evidence showed that Welborn attended Weight Watchers

meetings in the fellowship hall of the Cornelia United Methodist Church which is adjacent to a parking lot. The outside door of the hall led directly to the parking lot and did not have a protective awning. On the evening in question, a heavy rainstorm occurred and Welborn ran from her car to the door, covering her head with a newspaper. She testified that when she entered the hall, she did not notice any water on the floor and saw that some of the participants were standing near the door talking to Vicki Maney, who was conducting the meeting. Maney looked up as she entered. When Welborn stepped inside both feet slipped out from under her and she fell, striking her back and head on the floor. Plaintiff then noticed water on the floor and found her clothing to be soaking wet. Maney admitted she was aware of the storm, saw water on the floor, and noticed that participants in the program were tracking water into the hall, but claims she saw no need to mop it up because it was not her job to mop. "We have a janitor to do that . . . he's always around."

When an invitee slips and falls on a foreign substance, he must show that the defendant had actual or constructive knowledge of the hazard, that the plaintiff was without knowledge of the substance or for some reason was prevented from discovering it. *Alterman Foods v. Ligon,* 246 Ga. 620 (272 SE2d 327) (1980).

There is no dispute in the present case that water appeared on the floor, that plaintiff had never seen water on the floor before and did not see it on this occasion, that the defendant was aware of the water and did nothing to cause it to be mopped up or to warn the plaintiff of the danger. As in the present case, in *Telligman v. Monumental Prop.,* 161 Ga. App. 13 (288 SE2d 846) (1982), it was also undisputed that both parties were aware of the hazardous weather conditions. This court, however, rejected the argument that the equal knowledge of the parties as to weather conditions would bar the plaintiff from recovering, holding that the plaintiff would be barred only if she knew of the specific hazard which caused her fall. This case is distinguishable from *Sears, Roebuck & Co. v. Reid,* 132 Ga. App. 136 (2) (207 SE2d 532) (1974), because there was no evidence that Sears had actual or constructive knowledge of the rainwater on the floor.

Accordingly, the trial court did not err in submitting this case to the jury.

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED FEBRUARY 1, 1983.

*Weymon H. Forrester,* for appellant.

*Joseph A. Griggs, E. Wycliffe Orr,* for appellee.