70973. ALTERMAN FOODS, INC. v. MUNFORD.
(342 SE2d 480)

SOGNIER, Judge.

Annie Munford brought this action against Alterman Foods, Inc. (Alterman) to recover damages for personal injuries received in a fall in one of Alterman's stores. We granted Alterman's interlocutory appeal from the trial court's denial of its motion for summary judgment.

Appellee slipped on some accumulated rain water as she stepped on a rubber mat just inside the door to appellant's store. Prior to appellee's fall, appellant's bag boy had placed a "wet floor" sign approximately six feet directly in front of the door and had been instructed to mop the entrance area periodically in accordance with appellant's procedure on rainy days.

Appellant contends the trial court erred by denying its motion for summary judgment because there was no question of fact that its knowledge of the presence of rain water was not superior to that of appellee. "In 1965 [sic], we issued a comprehensive opinion on the issue of liability in cases of slip and fall specifically on floors made wet by rain conditions. [Cit.] In summary, we concluded that the owner of such premises is not an insurer of safety of persons invited therein, nor is there any presumption of negligence on the part of the owner or occupier merely upon a showing of injury. [Cit.] The true ground of liability is the proprietor's superior knowledge of the perilous instrumentality and the danger therefrom to persons going upon the property. It is when the perilous instrumentality is known to the owner or occupant, and not known to the person injured, that a recovery is permitted. [Cits.] It is common knowledge that when people enter any building in rainy conditions, moisture is tracked in and the inside of the door is likely to be wet; it is a matter of common knowledge that some water will normally be present where shoppers pass during rainy weather. [Cits.] It is not the duty of persons in control of such buildings to keep a large force of moppers to remove the rain as fast as it collects. [Cit.] The duty owed to such invitees is one of ordinary care, or to protect against an unreasonable risk of harm. [Cit.] The risk of harm imposed by some accumulation of water on the floor of business premises during rainy days is not unusual or unreasonable

in itself, but is one to which all who go out on a rainy day may be exposed and which all may expect or anticipate. [Cits.] 'Even if the rainfall had [subsided to a drizzle, as appellee contends] it seems obvious that [appellant], and others in a like position, must be afforded a reasonable opportunity for mopping the water from the floor. Until such time as one who enters might reasonably expect to find the floor free of water he should expect to find water present.' [Cit.]" *Colbert v. Piggly Wiggly Southern*, 175 Ga. App. 44, 45 (1) (332 SE2d 304) (1985).

In the case sub judice, appellant's employee had been assigned to mop the area in front of the doorway regularly because of accumulated water. Further, although appellee denies seeing it, it is uncontroverted that the "wet floor" sign was placed approximately six feet immediately in front of the entrance. "This was reasonable and ordinary care on [appellant's] part, even assuming . . . [appellee] did not have equal knowledge of the hazard. To say otherwise would render [appellant] an insurer of its customers' safety, which [it] is not in this state. [Cit.] . . . There is simply no evidence of negligence on the part of this [appellant]. To the contrary, the evidence is undisputed that, under the rainy conditions, [appellant] exercised 'such diligence toward making the store safe as a good business man is in such matters accustomed to use. [Cits.]' [Cits.]" Id. at 45-46.

Moreover, regardless whether appellant was negligent, summary judgment in its favor is demanded because of appellee's failure to exercise ordinary care for her own safety. Appellee testified that although the water she slipped on "was enough to see," she "didn't look [at the mat] to see was it wet or dry" before she stepped on it. " ' "The customer must exercise ordinary care for his own safety, and must by the same degree of care avoid the effect of the merchant's negligence after it becomes apparent to him or in the exercise of ordinary care he should have learned of it. He must make use of all his senses in a reasonable measure amounting to ordinary care in discovering and avoiding those things that might cause hurt to him." [Cits.]' " *Alterman Foods v. Ligon*, 246 Ga. 620, 623 (272 SE2d 327) (1980). " '[Appellee] was aware of the weather conditions. Under these circumstances it appears that [appellee] was not in the exercise of due care.' " *Gibson v. Consolidated Credit Corp.*, 110 Ga. App. 170, 175 (138 SE2d 77) (1964). See also *Key v. J. C. Penney Co.*, 165 Ga. App. 176, 177 (299 SE2d 895) (1983). Therefore, it was error to deny appellant's motion for summary judgment.

*Judgment reversed. Banke, C. J., Deen, P. J., Birdsong, P. J., Pope and Beasley, JJ., concur. McMurray, P. J., Carley and Benham, JJ., dissent.*

CARLEY, Judge, dissenting.

It appears to have become all too easy for this court to resolve slip and fall cases in the summary judgment posture on appeal by issuing a litany to the effect that it is most difficult for a plaintiff to avoid summary judgment. It is indeed difficult, but it is not impossible. In this case the plaintiff had constructive but not actual knowledge of the specific water puddle on which she slipped. There was evidence indicating that the defendant had actual knowledge of the water at the entrance and had instructed an employee to mop it up. However, in support of the motion for summary judgment the defendant did not produce any direct evidence that there was compliance with those instructions. This case, in my opinion, is controlled by *Weight Watchers of Greater Atlanta v. Welborn*, 165 Ga. App. 290 (299 SE2d 760) (1983). See also *Telligman v. Monumental Properties*, 161 Ga. App. 13 (288 SE2d 846) (1982). I believe that the trial court correctly denied summary judgment, I would affirm the trial court, and, therefore, I dissent.

I am authorized to state that Presiding Judge McMurray and Judge Benham join in this dissent.

DECIDED FEBRUARY 13, 1986 —
REHEARING DENIED MARCH 11, 1986 — 

*J. Barrington Vaught*, for appellant.
*David A. Kendrick*, for appellee.