## 74368. RODRIGUEZ v. PIGGLY WIGGLY SOUTHERN, INC.

### (363 SE2d 291)

McMurray, Presiding Judge.

Plaintiff brought this "slip and fall" case against Piggly Wiggly Southern, Inc. She alleged that she was injured when she slipped and fell in a puddle of rainwater just inside the door of the grocery store. In the amended complaint, plaintiff maintained that at the time she entered defendant's store, the floor was wet and extremely slippery; that defendant negligently removed a floor mat (in order to allow it to dry) and failed to replace it; and that defendant was negligent in permitting the floor to become and remain wet and in failing to warn plaintiff of the dangerous condition.

Defendant denied the material allegations of the complaint and moved for summary judgment. The motion was granted by the trial court and plaintiff appealed. *Held*:

On summary judgment, under OCGA § 9-11-56, " '[t]he evidence must be construed most favorably to the opposing party, and the trial court must give him the benefit of all favorable inferences that may be drawn from the evidence. (Cits.)' [Cit.]" *Norton v. Ga. R. Bank & Trust*, 253 Ga. 596, 603 (322 SE2d 870) (1984).

Viewing the evidence in favor of plaintiff, we find the following: Plaintiff often shopped in defendant's store, going there about once a week. On the day in question, plaintiff, her husband and a friend drove to the store in a hard driving rain. It was still raining when they arrived. Plaintiff was dropped off in front of the store by her husband. She was sheltered from the weather by a twelve-foot canopy which extended out from the roof of the building. She did not notice that it was wet under the shelter or in the store. As she stepped inside the front door she fell when she slipped in a puddle of water approximately six inches in diameter and one-eighth of an inch deep. The store was crowded at the time. A floor mat, approximately three feet by five feet, which was normally inside the entrance to the store had been removed because it was wet. There was no indication to customers that the floor was wet or that the mat had been removed. The sole purpose of the mat was to keep dirt off the floor finish so it would not grind down the wax. Just inside the doorway was a built-in black rubber mat which was designed to electronically open the doors and which had rubber ridges on it that channel water. There was a mop and a bucket in the area of plaintiff's fall to keep the floor mopped although store personnel were not aware of the particular puddle in which plaintiff slipped until after her fall.

"[I]n order to state a cause of action in a case where the plaintiff alleges that due to an act of negligence by the defendant he slipped and fell on a foreign substance on the defendant's floor, the plaintiff must show (1) that the defendant had actual or constructive knowl-

edge of the foreign substance and (2) that the plaintiff was without knowledge of the substance or for some reason attributable to the defendant was prevented from discovering the foreign substance." *Alterman Foods v. Ligon*, 246 Ga. 620, 623 (272 SE2d 327) (1980).

A proprietor may be held to have constructive knowledge of a hazardous substance on the floor if an employee of the proprietor was in the immediate area and could have seen the substance and taken measures to lessen the hazard. *Caree v. Revco &c. Centers*, 175 Ga. App. 487, 489 (333 SE2d 387). Although defendant's employees were not aware of the particular puddle which caused plaintiff's fall, a mop and bucket were in the immediate vicinity. Defendant's store manager deposed that the mop and bucket were being used "to keep [the floor] mopped." He averred further that the floor "was mopped all afternoon." This evidence indicates that defendant's employees were in the area of plaintiff's fall continuously and that they were aware that the floor needed to be mopped on a regular basis. Given these facts, we think a question of fact exists as to whether defendant had constructive knowledge of the water puddle. See *Piggly Wiggly Southern v. Conley*, 139 Ga. App. 532, 533 (1) (229 SE2d 25).

We also think a question of fact exists as to whether plaintiff was without knowledge of the puddle of water. Although plaintiff knew it was raining when she entered defendant's supermarket, she averred that she did not know that water had accumulated inside the supermarket entrance. Accordingly, this case is governed by *Weight Watchers of Greater Atlanta v. Welborn*, 165 Ga. App. 290, 291 (299 SE2d 760). In *Weight Watchers of Greater Atlanta v. Welborn*, supra, as was done in *Telligman v. Monumental Properties, Inc.*, 161 Ga. App. 13 (288 SE2d 846), this court "rejected the argument that the equal knowledge of the parties as to weather conditions would bar the plaintiff from recovering, holding that the plaintiff would be barred only if she knew of the specific hazard which caused her fall." Since plaintiff averred she did not know of the water puddle, the grant of summary judgment to defendant was improper.

*Allen v. Big Star Food Market*, 172 Ga. App. 879 (324 SE2d 820), is inapposite. In that case, plaintiff knew of the wet condition of the floor but walked across it anyway. Likewise, inapplicable is the case of *Alterman Foods v. Munford*, 178 Ga. App. 214 (342 SE2d 480). There, unlike the case sub judice, defendant placed a "wet floor" sign immediately in front of the entrance.

*Judgment reversed. Deen, P. J., Banke, P. J., Pope and Benham, JJ., concur. Birdsong, C. J., Carley, Sognier and Beasley, JJ., dissent.*

BEASLEY, Judge, dissenting.

"[L]iability for injuries resulting from an invitee's slip and fall on

a proprietor's premises is determined by the relative 'knowledge' possessed by the proprietor and the invitee of the condition or hazard which resulted in the injury. ' "The basis of the proprietor's liability is his superior knowledge, and if his invitee knows of the condition or hazard there is no duty on the part of the proprietor to warn him and there is no liability for resulting injury because the invitee has as much knowledge as the proprietor does and then by voluntarily acting in view of his knowledge, assumes the risks and dangers incident to the known condition." ' [Cit.]" *Telligman v. Monumental Properties*, 161 Ga. App. 13, 14 (2) (288 SE2d 846) (1982).

In order for defendant to prevail on summary judgment, then, the evidence must show as a matter of law that defendant did not have superior knowledge to that of Mrs. Rodriguez of the condition or hazard which resulted in the slip and fall. The trial court specifically pointed out that defendant was not on notice of the puddle of water until Rodriguez's fall and that there was no question of fact that the store's knowledge of the presence of the accumulated rainwater was not superior to that of Rodriguez. Rodriguez urges that the trial court erred in making these findings and in granting the store summary judgment.

"It is common knowledge that when people enter any building in rainy conditions, moisture is tracked in and the inside of the door is likely to be wet; it is a matter of common knowledge that some water will normally be present where shoppers pass during rainy weather. [Cit.] It is not the duty of persons in control of such buildings to keep a large force of moppers to remove the rain as fast as it collects. [Cit.] The duty owed to such invitees is one of ordinary care, or to protect against an unreasonable risk of harm. [Cit.] The risk of harm imposed by some accumulation of water on the floor of business premises during rainy days is not unusual or unreasonable in itself, but is one to which all who go out on a rainy day may be exposed and which all may expect or anticipate. [Cits.]" *Colbert v. Piggly Wiggly Southern*, 175 Ga. App. 44, 45 (1) (332 SE2d 304) (1985).

I conclude that "there is simply nothing in the evidence to show superior knowledge on the part of the defendant of a hazard which could give rise to a duty to remove it or warn customers, so that failure to do so could be found to constitute a failure to exercise the duty of ordinary care in keeping the premises safe, which befalls the one who is in control of the premises. OCGA § 51-3-1. [Cits.] In this state, the proprietor is not an insurer of its customers' safety. [Cit.]" *Cook v. Arrington*, 183 Ga. App. 384, 386 (358 SE2d 869) (1987).

Appellant relies heavily on the fact that the store had removed the surface mat. But the undisputed evidence is that the purpose of this mat was solely to keep dirt from being ground into the wax surface and that the mat was not intended or useful for drying the soles

of customers' footwear, such as the "flip-flops" which plaintiff was wearing. Furthermore, the undisputed evidence is that the store personnel were periodically mopping the floor because of the rainy weather. That the small accumulation of rainwater occurred in the crowded store and went unnoticed by store personnel until after Rodriguez's fall would not of itself raise an issue as to the store's liability under OCGA § 51-3-1.

The trial court properly concluded that there was no dispute that the store had no notice, actual or constructive, of the specific water accumulation and had no superior knowledge to that of plaintiff in this regard or in regard to the presence of rainwater generally.

I am authorized to state that Chief Judge Birdsong, Judge Carley, and Judge Sognier join in this dissent.

DECIDED NOVEMBER 5, 1987 —
REHEARING DENIED NOVEMBER 25, 1987 —

*Thomas R. Herndon*, for appellant.
*John T. Woodall, Leesa A. Bohler, Carmel W. Sanders*, for appellee.