## 74704. CARDER v. K-MART, INC.
### (363 SE2d 593)

McMurray, Presiding Judge.

Plaintiff Carder brought this action against defendant designated as "K-Mart, Inc." for damages sustained when plaintiff allegedly slipped in a puddle of water in defendant's store and fell. Plaintiff alleged that she was unaware of the hazardous condition while defendant knew or should have known and warned plaintiff that such hazardous condition existed.

Defendant, in its answer, denied the material allegations of the complaint and maintained its "correct name is K-Mart Corporation." Subsequently, defendant moved for summary judgment. The superior court granted defendant's motion for summary judgment and plaintiff appeals. *Held*:

The evidence stated most favorably to plaintiff shows that: While the fall occurred on a rainy day, it was not raining at the time plaintiff arrived at defendant's store. After arriving at the store plaintiff parked and walked across the parking lot that "wasn't wet then" but "was damp." Plaintiff entered the store by entering a set of outer doors, traversing a vestibule area and passing through an interior entrance door. There were no wet weather mats or any other caution, warning or wet floor signs in the store. After passing through the interior entrance doors plaintiff walked toward the information desk. The vestibule area and several steps into the store appeared and felt to be dry and non-slippery. Fifteen or twenty feet into the store plaintiff slipped due to a puddle of water. The puddle which was approxi-

mately three feet by three feet in size was not seen by plaintiff prior to her fall because of the shiny gloss of the floor. Shortly before plaintiff fell another customer entered the store and saw the area of rainwater, in which plaintiff fell, located just inside the entrance in plain view. This customer had carefully negotiated his way through and around the wet area. At the time of plaintiff's fall an assistant manager of the store, whose responsibilities included checking the floor periodically, was standing five feet away. The assistant manager testified that he had his back to plaintiff, did not see her fall and did not see the puddle in which plaintiff slipped. Immediately after, plaintiff overheard the assistant manager of the store, who had come to the area of the fall, state to another person that he "was afraid that this was going to happen."

A few minutes after the fall plaintiff saw store employees rolling a large cart in the direction of the store entrance. On the cart were mops, a wet weather mat and wet floor signs.

"[I]n order to state a cause of action in a case where the plaintiff alleges that due to an act of negligence by the defendant he slipped and fell on a foreign substance on the defendant's floor, the plaintiff must show (1) that the defendant had actual or constructive knowledge of the foreign substance and (2) that the plaintiff was without knowledge of the substance or for some reason attributable to the defendant was prevented from discovering the foreign substance." *Alterman Foods v. Ligon*, 246 Ga. 620, 623 (272 SE2d 327).

"Knowledge on the part of the proprietor that there is a foreign substance on the floor that could cause patrons to slip and fall may be either actual or constructive. In some cases the proprietor may be held to have constructive knowledge if the plaintiff shows that an employee of the proprietor 'was in the immediate area of the dangerous condition and could have easily seen the substance and removed the hazard.' [Cits.]" *Alterman Foods v. Ligon*, 246 Ga. 620, 622, supra. Although in the case sub judice defendant's assistant manager testified that he was not aware of the puddle which caused plaintiff's fall, the assistant manager's physical proximity to the area of the fall strongly suggests that he could have seen the puddle and taken action to prevent plaintiff's injury. *Rodriguez v. Piggly Wiggly Southern*, 185 Ga. App. 79 (363 SE2d 291).

Further issues of fact remain as to plaintiff's knowledge of the puddle. "Although plaintiff knew it [had been] raining when she entered defendant's [store], she averred that she did not know that water had accumulated inside the [store] entrance. Accordingly, this case is governed by *Weight Watchers of Greater Atlanta v. Welborn*, 165 Ga. App. 290 (299 SE2d 760). In *Weight Watchers of Greater Atlanta v. Welborn*, supra, as was done in *Telligman v. Monumental Properties, Inc.*, 161 Ga. App. 13 (288 SE2d 846), this court 'rejected

the argument that the equal knowledge of the parties as to weather conditions would bar the plaintiff from recovering, holding that the plaintiff would be barred only if she knew of the specific hazard which caused her fall.' Since plaintiff averred she did not know of the water puddle, the grant of summary judgment to defendant was improper." *Rodriguez v. Piggly Wiggly Southern, Inc.*, supra.

*Judgment reversed. Sognier, J., concurs. Beasley, J., concurs in the judgment only.*

DECIDED NOVEMBER 19, 1987 —
REHEARING DENIED DECEMBER 2, 1987 — 

*John E. Talmadge*, for appellant.
*Steven P. Gilliam, Donald T. Hunt*, for appellee.