### 75875. BAGGS v. CHATHAM COUNTY HOSPITAL AUTHORITY.
(371 SE2d 653)

McMURRAY, Presiding Judge.

Plaintiff brought this "rainy day" slip and fall case against the Chatham County Hospital Authority, d/b/a Memorial Medical Center. In her complaint, as amended, plaintiff alleged she sustained injuries when she slipped and fell in a puddle of water three to four

feet inside the front door of the hospital (Memorial Medical Center). The liability of the hospital was predicated upon the negligent construction or negligent maintenance of the lobby entrance. Defendant answered the complaint, denying that it was liable to plaintiff for the injuries which she sustained. Following discovery, defendant moved for summary judgment.

In support of its motion for summary judgment, defendant submitted the affidavit of its hospital director of engineering and maintenance. In pertinent part, he averred: "It is not unusual for water to be tracked into the lobby . . . on a rainy day. If the hospital's Housekeeping Department is notified or is aware that water has pooled or puddled anywhere in the hospital, the procedure is to mop all floors in the hospital where water has accumulated. There is no record of any reports of water puddling in the front lobby on [the day in question] nor do I have any personal knowledge that would indicate that it did so."

Defendant also offered the affidavit of an architect who was involved in the design of the hospital lobby. He averred that the hospital entrance was designed and constructed with the degree of care and skill ordinarily applicable to the design and construction of such buildings.

Plaintiff submitted her own affidavit in opposition to defendant's summary judgment motion. She averred that it stopped raining for 20 or 30 minutes before she entered the hospital; that the area between the entrance and the puddle of water was dry; that she saw no evidence of water on the lobby floor until she slipped in the puddle; and that defendant's employees were "in the immediate area where the water was located and they were in a position where they saw or should have saw [sic] the danger." In a deposition, plaintiff made it clear that she did not see the water before she fell. With regard to the presence of defendant's employees, plaintiff deposed that they were positioned at or near an information desk in the lobby.

Following a hearing, the trial court granted defendant's motion for summary judgment. Plaintiff brought this appeal. *Held*:

1. On motion for summary judgment, " 'The burden is upon the moving party, and the party opposing the motion is given the benefit of all reasonable doubts and all favorable inferences that may be drawn from the evidence. *Holland v. Sanfax Corp.*, 106 Ga. App. 1 (126 SE2d 442).' *Internat. Brotherhood v. Newman*, 116 Ga. App. 590, 592 (158 SE2d 298). The movant 'has this burden even as to issues upon which the opposing party would have the trial burden. And the moving party's papers are carefully scrutinized, while the opposing party's papers, if any, are treated with considerable indulgence.' 6 Moore's Federal Practice, (2d Ed.) 2853, § 56.23." *Colonial Stores v. Turner*, 117 Ga. App. 331, 333 (160 SE2d 672).

2. "[I]n order to state a cause of action in a case where the plaintiff alleges that due to an act of negligence by the defendant he slipped and fell on a foreign substance on the defendant's floor, the plaintiff must show (1) that the defendant had actual or constructive knowledge of the foreign substance and (2) that the plaintiff was without knowledge of the substance or for some reason attributable to the defendant was prevented from discovering the foreign substance." *Alterman Foods v. Ligon*, 246 Ga. 620, 623 (272 SE2d 327). Thus, in order for a defendant to successfully move for summary judgment in a foreign substance slip and fall case, it must come forward with evidence tending to show that (1) it had neither actual nor constructive knowledge of the foreign substance or that (2) plaintiff had knowledge of the substance. See *Rodriguez v. Piggly Wiggly Southern*, 185 Ga. App. 79 (363 SE2d 291); *Carder v. K-Mart*, 185 Ga. App. 143 (363 SE2d 593). See also *Shiver v. Singletary*, 186 Ga. App. 746 (368 SE2d 523).

3. In the case sub judice, a genuine issue of material fact exists with regard to defendant's actual or constructive knowledge of the water puddle. The affidavit of defendant's hospital director of engineering and maintenance establishes that no report was made about the water puddle and that he himself did not have personal knowledge about the puddle. Do these facts tend to show that defendant did not have actual knowledge of the water puddle? We think not. The evidence shows that several of defendant's employees were in the immediate vicinity of the puddle. The mere fact that reports were not made about the puddle or that the director of engineering and maintenance did not know about the puddle does not demonstrate that those employees did not have actual knowledge of the puddle. After all, the issue here is actual knowledge of the puddle on the part of defendant. The knowledge of one employee (the director of engineering and maintenance) is not conclusive in this regard since other employees were in the immediate vicinity of the puddle. Likewise, the absence of a report about the puddle does not demonstrate an absence of actual knowledge. See generally *Favors v. Alco Mfg. Co.*, 186 Ga. App. 480, 483 (3) (367 SE2d 328). Compare *Filmore v. Fulton-DeKalb Hosp. Auth.*, 170 Ga. App. 891 (318 SE2d 514), in which no employees were in the vicinity when that plaintiff slipped and fell.

Even if it can be said that defendant demonstrated a lack of actual knowledge of the water puddle, it is clear that defendant has not demonstrated an absence of constructive knowledge. "A lack of actionable constructive knowledge is normally established in such cases by evidence of compliance with reasonable inspection and/or cleaning procedures. [Cits.] No such evidence was presented in this case." *Shiver v. Singletary*, supra, 747. Besides, in her affidavit, plaintiff averred that defendant's employees were so situated that they either

saw or should have seen the puddle. Given this averment, one must conclude that a genuine issue of material fact exists with regard to defendant's constructive knowledge of the water puddle. *Rodriguez v. Piggly Wiggly Southern*, 185 Ga. App. 79, supra; *Carder v. K-Mart*, 185 Ga. App. 143, supra.

4. A genuine issue of material fact also remains with regard to plaintiff's knowledge of the water puddle. Plaintiff averred that it had stopped raining for a period of time before she entered the lobby of the hospital and that she was unaware that water accumulated in the lobby until she slipped. "Accordingly, this case is governed by *Weight Watchers of Greater Atlanta v. Welborn*, 165 Ga. App. 290, 291 (299 SE2d 760). In *Weight Watchers of Greater Atlanta v. Welborn*, supra, as was done in *Telligman v. Monumental Properties, Inc.*, 161 Ga. App. 13 (288 SE2d 846), this court 'rejected the argument that the equal knowledge of the parties as to weather conditions would bar the plaintiff from recovering, holding that the plaintiff would be barred only if she knew of the specific hazard which caused her fall.' Since plaintiff averred she did not know of the water puddle, the grant of summary judgment to defendant was improper." *Rodriguez v. Piggly Wiggly Southern*, 185 Ga. App. 79, supra at 80. Accord *Carder v. K-Mart*, 185 Ga. App. 143, supra at 144.

*Judgment reversed. Deen, P. J., Banke, P. J., Carley, Benham and Beasley, JJ., concur. Birdsong, C. J., Sognier and Pope, JJ., dissent.*

POPE, Judge, dissenting.

This is a typical "rainy day" slip and fall case. In such a case, it is difficult for the plaintiff to show the premises owner had superior knowledge of the allegedly dangerous condition, which is a necessary prerequisite to recover from the owner. This is because "[i]t is common knowledge that when people enter any building in rainy conditions, moisture is tracked in and the inside of the door is likely to be wet . . . ." *Colbert v. Piggly Wiggly Southern*, 175 Ga. App. 44, 45 (332 SE2d 304) (1985). Plaintiff argues she has met the burden of creating a genuine issue as to the hospital's liability (1) by establishing she did not have equal knowledge of the likelihood of water at the entrance; (2) by alleging the negligent construction or maintenance of the entrance; and (3) by establishing defendant had or should have had constructive knowledge of the existence of the puddle in which she fell.

First, plaintiff argues she did not have equal knowledge of the likely existence of water on the floor of the hospital entrance, because, she claims, it stopped raining twenty to thirty minutes before she arrived at the hospital. She argues that the hospital should have had sufficient opportunity to discover and remedy any water left on the

floor in this period of time. Even if the rain had ceased while plaintiff was en route to Savannah from Ludowici, this does not establish when it stopped raining in and around the hospital in Savannah. Moreover, plaintiff admits the ground and pavement outside the hospital were still wet. "Even if the rainfall had ceased completely it seems obvious that the defendant, and others in a like position, must be afforded a reasonable opportunity for mopping the water from the floor. Until such time as one who enters might reasonably expect to find the floor free of water he should expect to find water present." *Gibson v. Consolidated Credit Corp.*, 110 Ga. App. 170, 177 (138 SE2d 77) (1964). In *Gibson*, the expectation to find the floor free of water was negatived by plaintiff's admission that the rain was still "drizzling." Here, the expectation is negatived by plaintiff's admission that outside conditions were still wet. The reliance of the majority opinion upon *Weight Watchers of Greater Atlanta v. Welborn*, 165 Ga. App. 290 (299 SE2d 760) (1983), and *Telligman v. Monumental Properties*, 161 Ga. App. 13 (288 SE2d 846) (1982) is misplaced, for in both those cases defendant admitted having knowledge of the existence of the hazardous condition. In those cases plaintiffs' general knowledge of weather conditions did not bar their recovery from a defendant with knowledge of the specific hazard which caused the fall.

According to *Gibson*, a premises owner is not liable for the tracking in of water due to outside weather conditions " 'except, perhaps, in some circumstances, as where it is shown that the construction of the entranceway was inherently dangerous . . . .' " Id. In reliance upon *Gibson*, plaintiff alleged in her complaint that the lobby entrance was negligently constructed. She testified there were no wet tracks leading from the door to the puddle three to four feet inside the door where she fell. She argues this is evidence that the puddle was not caused by the tracking in of water but accumulated as a result of the faulty construction of the entrance. Plaintiff offers no evidence to explain how water would have accumulated three to four feet inside the door as a result of negligent construction. On the other hand, in support of its motion for summary judgment, defendant offered the affidavit of a licensed architect who testified he was involved in the design of the front entrance and lobby and that it was designed and constructed with that degree of care and skill ordinarily applicable to the design and construction of such buildings. He also testified that because the entrance slopes upward, it would be impossible for rain water to flow into the lobby. Where defendant produces evidence supporting the conclusion that the surface in question was not defective in any manner, and plaintiff fails to produce any evidence showing negligent design, construction, installation or maintenance, summary judgment is proper. *Joyner v. Sandefur Mgt. Co.*, 168 Ga. App.

854 (3c) (310 SE2d 578) (1983).

Defendant presented the sworn affidavit of its director of engineering and maintenance attesting that the hospital had no notice of the existence of the puddle on which plaintiff fell. The fact that employees were positioned at various desks across the lobby from the spot where the plaintiff fell on a puddle which she described as smaller in diameter than a basketball does not establish defendant hospital had actual or constructive knowledge of the existence of the puddle. If the presence of water should have been obvious to employees stationed in another area of the entrance, it should also have been equally obvious to plaintiff who walked directly toward the puddle. See *Hill v. Davison-Paxon Co.*, 80 Ga. App. 840 (57 SE2d 680) (1950).

In those cases cited by the majority in which this court held an issue was raised concerning the defendant's knowledge of the hazard, some evidence other than the mere presence of defendant's employees was presented. In *Carder v. K-Mart*, 185 Ga. App. 143 (363 SE2d 593) (1987), the assistant manager whose job it was to check the condition of the floor was standing five feet away from the puddle in which plaintiff fell and was heard to say just after the fall he " 'was afraid that this was going to happen.' " Id. at 144. In *Rodriguez v. Piggly Wiggly Southern*, 185 Ga. App. 79 (363 SE2d 291) (1987), a mop and pail were standing nearby the spot where plaintiff fell and there was testimony the store employees had been mopping up rainwater all day. In *Shiver v. Singletary*, 186 Ga. App. 746 (368 SE2d 523) (1988), the plaintiff's testimony was consistent with the hypothesis that an employee of the grocery store was responsible for the presence of moisture allegedly on the floor where he fell. By contrast, no evidence exists in this case to contradict the sworn affidavit stating defendant had no actual knowledge of the puddle. If by their mere presence in the room defendant's employees should have noticed the puddle, then by the same token plaintiff had equal opportunity to notice and avoid the puddle. I would affirm the grant of summary judgment to the defendant.

I am authorized to state that Judge Sognier joins in this dissent.

DECIDED JUNE 22, 1988 —
REHEARING DENIED JULY 15, 1988 — ▮▮▮▮▮▮▮▮▮▮

*Richard D. Phillips*, for appellant.
*Lee C. Mundell, Anne C. Marscher*, for appellee.