76808. COBB v. POPEYE'S, INC.
76809. K. WEILBAECHER ENTERPRISES, INC. v. COBB.
(373 SE2d 233)

</div>

McMurray, Presiding Judge.

Plaintiff Cobb brought this unusual "slip and fall" case against

Popeye's, Inc. ("Popeye's") and K. Weilbaecher Enterprises, Inc. ("KWE"). Following discovery, each defendant moved for summary judgment. Defendant Popeye's' summary judgment motion was granted and defendant KWE's summary judgment motion was denied. Plaintiff appeals, enumerating error upon the grant of Popeye's' summary judgment motion. KWE cross-appeals, enumerating error upon the denial of its summary judgment motion.

Viewing the evidence in favor of plaintiff, the party opposing the summary judgment motions, as we are bound to do, *Blount v. Seckinger Realty Co.*, 167 Ga. App. 778, 779 (1) (307 SE2d 683), we find the following: KWE operates three fast food restaurants in Savannah, Georgia, pursuant to a franchise agreement with Popeye's. One such restaurant is located on W. Broad Street. Popeye's only connection with the W. Broad Street restaurant is to provide supplies and consultation services for the operation of the franchise. The restaurant's employees are employed by KWE. Popeye's maintains no control over them.

On August 6, 1984, the parking lot and sidewalks at the W. Broad Street restaurant were scrubbed, washed and inspected. (The cleaning took place every morning before the restaurant opened. Thereafter, once the customers began to arrive, the parking lot and sidewalks were to be inspected every thirty minutes.) Shortly thereafter, between 8:00 and 9:00 a.m., plaintiff, a refrigeration repair man, went to the restaurant to fix a walk-in freezer. He parked in the rear of the restaurant and entered through the back door.

Plaintiff soon realized that he would have to go on the roof of the restaurant in order to fix the freezer. He obtained a ladder from his truck and looked for the best place to put it. Noticing that the pavement was still wet in several places, plaintiff chose the driest spot to put the ladder.

Before starting up the ladder, plaintiff looked at the soles of his shoes (he made a habit of doing so) and noticed a granular substance on them. He thought the substance adhered to his shoes because he had walked in the damp areas around the restaurant.

Plaintiff went on the roof and adjusted a time clock. As he was coming down, the ladder slipped out from under him. Plaintiff grabbed a gutter — but it would not hold his weight. He fell to the ground and broke his leg.

Lying on the paved surface, plaintiff noticed a thin layer of grease on the surface covered with a granular substance. He did not know how it got there or how long it had been there. He was sure, however, that the ladder (which had rubber, non-skid "feet") slipped on it.

First aid was administered to plaintiff at the restaurant. Thereafter, he was taken to a hospital in an ambulance.

One of the medical technicians who treated plaintiff at the restaurant was warned "by various people" of the slippery condition of the pavement where plaintiff was lying. She could not readily see any grease on the pavement because it was covered with a "light coating of a granular substance." She observed, however, that the soles of her shoes became coated with that substance.

One of plaintiff's co-workers arrived at the restaurant to finish repairing the freezer. While he was on the roof, the co-worker saw two people, dressed in "Popeye's" uniforms, "come outside and spread a granular substance on the sidewalk and pavement in the immediate vicinity" of plaintiff's fall. He also saw them spread the substance in an area where grease barrels were stored.

The co-worker left the restaurant for about thirty minutes to check on some parts. When he returned, he noticed that the "sidewalks and pavement had been thoroughly cleaned." The granular substance had been removed entirely and the grease barrels had been moved to another location.

KWE's assistant manager averred that she was on duty when plaintiff fell from the roof and that she did not see any grease on the pavement either before or after plaintiff fell. (Two other KWE employees also averred that they did not see any grease on the pavement.) With regard to the grease barrels, the assistant manager deposed that they contained the grease which was drained weekly from the restaurant's deep fryers; that the grease was not "splashable"; that the barrels were fitted with lids; and that they were kept outside the restaurant by the back door. She also deposed that if the grease was ever spilled, it was cleaned up immediately with a special solution. *Held*:

1. *The Main Appeal* (Case No. 76808). Popeye's maintained no control over the operation of the restaurant. As the franchisor, it simply provided supplies and consultation services to KWE and KWE's employees. Accordingly, it cannot be said that Popeye's breached any duty to plaintiff. *Holiday Inns v. Newton*, 157 Ga. App. 436 (278 SE2d 85). The trial court did not err in granting Popeye's' motion for summary judgment.

2. *The Cross-Appeal* (Case No. 76809). Although there is authority for dismissing the cross-appeal, *Marietta Yamaha v. Thomas*, 237 Ga. 840 (229 SE2d 753), we will follow the spirit of *Executive Jet Sales v. Jet America*, 242 Ga. 307 (248 SE2d 676), and consider the cross-appeal on its merits. *Garrett v. Heisler*, 149 Ga. App. 240, 242 (2) (b) (253 SE2d 863).

"[I]n order for a defendant to successfully move for summary judgment in a foreign substance slip and fall case, it must come forward with evidence tending to show that (1) it had neither actual nor constructive knowledge of the foreign substance or that (2) plaintiff

had knowledge of the substance. See *Rodriquez v. Piggly Wiggly Southern*, 185 Ga. App. 79 (363 SE2d 291); *Carder v. K-Mart*, 185 Ga. App. 143 (363 SE2d 593). See also *Shiver v. Singletary*, 186 Ga. App. 746 (368 SE2d 523)." *Baggs v. Chatham County Hosp. Auth.*, 187 Ga. App. 834, 836 (371 SE2d 653).

KWE's employees averred that they had no actual knowledge of the grease which caused plaintiff to fall. (In fact, they stated that they did not see any grease either before or after plaintiff fell.) No direct evidence contradicts their averments. But the circumstantial evidence suggests that they knew about the grease all along.

Barrels containing grease were stored at the rear of the restaurant by the back door. There was grease on the pavement where plaintiff fell and the grease was covered with a granular substance. KWE's employees were seen spreading such a substance at the rear of the restaurant after plaintiff fell. Thus, it would appear that it was KWE's employees who covered the grease with a granular substance before plaintiff fell.

"The rule is that a fact shown by direct, uncontradicted, reasonable and unimpeached evidence cannot be disproved by circumstantial evidence consistent with such direct evidence." *King v. Sharpe*, 96 Ga. App. 71, 78 (99 SE2d 283). On the other hand, direct evidence can be disproved by inconsistent circumstantial evidence. Thus, where direct evidence is contradicted by inconsistent circumstantial evidence, a jury issue is created.

The direct evidence that KWE's employees did not have actual knowledge of the grease is contradicted by the inconsistent circumstantial evidence suggesting that they spread a granular substance on the grease before plaintiff fell. Accordingly, a jury issue is created as to KWE's employees' actual knowledge of the grease.

KWE would have us rule that plaintiff had knowledge of the grease before he climbed the ladder. We cannot so rule. It is clear that plaintiff did not see the grease until he fell to the ground. Nor can it be said that plaintiff should have seen the grease. The evidence demonstrates that it could not be seen readily since it was covered with a granular substance.

Genuine issues of material fact exist with respect to plaintiff's claim against KWE. Accordingly, the trial court did not err in denying KWE's motion for summary judgment.

*Judgments affirmed. Pope and Benham, JJ., concur.*

DECIDED SEPTEMBER 7, 1988 —
REHEARING DENIED SEPTEMBER 20, 1988 ▮

*David G. Hammock*, for Cobb.

*F. Saunders Aldridge III, Wayne S. Racz*, for Popeye's and Weilbaecher.