## A98A1462. SUTTON v. WINN DIXIE STORES, INC.
### (504 SE2d 245)

ELDRIDGE, Judge.

On Sunday, October 30, 1994, at about 12:15 p.m., Laura Sutton, plaintiff, went to the Winn Dixie Stores, Inc. ("Winn Dixie") in Rex to shop. Rain had begun the previous night and continued heavily through the next day. The plaintiff was able to park within six spaces from the store entrance. Plaintiff came to the store under an umbrella, which she folded up and placed in her shoulder bag prior to entering. The entrance door to the store was to the side of the front, creating an entrance area to the store. The entrance faced the grocery carts.

The electric door was caught in the rug/mat inside the entrance, opening only about 20 inches, and the plaintiff had to push the door open to enter, which may have caused a distraction. The rug/mat was a commercial rubber-backed mat. When plaintiff stepped off the rug/mat, she suddenly fell.

When she fell, plaintiff came down on her knees. Plaintiff was looking straight ahead at the grocery carts when she fell. The manager, Mr. Shirley, came to help, and an employee then said in the manager's presence that "if this floor had been mopped or kept mopped this wouldn't happen."

When the plaintiff got up from the floor, her pants were soaking wet. The floor was tile. There was a yellow caution sign near where plaintiff fell but to the side of the entrance, about three feet away, just past the end of the floor mat inside the front entrance; the sign said, "caution floor wet." The sign was off to the side of the entrance off the mat so that plaintiff did not see it until after her fall. Since her fall, Winn Dixie changed the entrance and has indoor-outdoor carpet at the entrance now. There was no evidence from either the plaintiff or Mr. Shirley that there was water visible on the floor; even after plaintiff fell, she could not see anything on the floor.

Plaintiff contended that had Winn Dixie mopped up the moisture, she would not have fallen.

Mr. Shirley testified by affidavit that it was raining heavily and that he had a safety mat positioned in front of the entrance and placed a wet floor sign inside the entrance just past the end of the floor mat. He had various clerks regularly inspect and dry mop the entrance floor about every five minutes. Mr. Shirley did not see the plaintiff fall but saw her on the floor near the safety mat between the front entrance and the shopping carts.

Plaintiff filed suit. Winn Dixie answered. Winn Dixie then filed a motion for summary judgment based upon the plaintiff's deposition and Mr. Shirley's affidavit. The trial court granted the motion. Plaintiff filed her notice of appeal. *Held*:

The plaintiff's enumeration of error is that the trial court erred in granting summary judgment. We agree.

The testimony of the Winn Dixie manager shows that it had actual knowledge of the dangerous condition from the prolonged heavy rain, because he ordered the placement of a safety mat at the entrance, ordered employees to dry mop the area about every five minutes, and placed a warning sign out. Thus, the first prong of *Alterman Foods v. Ligon*, 246 Ga. 620, 623 (272 SE2d 327) (1980), actual knowledge by the owner/occupier, was satisfied.

There is no duty on the part of the owner/occupier to mop continuously during the course of a rainy occasion to keep the floor free from water that may be tracked in. There is no duty on the part of the proprietor to warn those who enter his store or place of business during a rainy occasion that there may be accumulations of water on the floor which have been tracked in or that the presence of the water may cause the floor to be slippery. *Gibson v. Consolidated Credit Corp.*, 110 Ga. App. 170, 176-177 (2), 178-179 (3) (138 SE2d 77) (1964). However, when an owner/occupier undertakes to perform a duty, whether voluntarily or as mandated under OCGA § 51-3-1, reasonable care must be exercised to make the premises safe through such acts. See *Blossman Gas Co. v. Williams*, 189 Ga. App. 195, 197 (1) (375 SE2d 117) (1988); *Cunningham v. Nat. Svc. Indus.*, 174 Ga. App. 832, 837 (331 SE2d 899) (1985); *Housing Auth. of Atlanta v. Famble*, 170 Ga. App. 509, 524 (317 SE2d 853) (1984); see also *Huggins v. Aetna Cas. &c. Co.*, 245 Ga. 248, 249 (264 SE2d 191) (1980); *Mull v. Aetna Cas. &c. Co.*, 226 Ga. 462, 464 (4) (175 SE2d 552) (1970). Here, Winn Dixie voluntarily sought to mop every five minutes, to put out a safety mat, and to warn of the wet floor when they were under no duty to do so. Therefore, Winn Dixie voluntarily undertook to do more than the law mandated, because it realized that the heavy rain, in fact, created a danger for its customers that might keep them from doing business with Winn Dixie if they felt at risk in the store.

Having voluntarily undertaken an additional or greater duty, Winn Dixie had a duty to perform such assumed duty with ordinary care. Thus, the placement and number of warning signs, the frequency of mopping, whether the mopping was properly performed, the placement of the mat, the saturated condition of the mat, and whether indoor-outdoor carpet should have been used prior to the fall to provide water retention and slip resistance all were factual issues of negligence. Likewise, whether subsequent remedial measures in changing the entrance and putting down indoor-outdoor carpet that would retain water and be slip resistant was a factual issue of feasibility of prevention prior to the fall.

It may be common knowledge that rainwater will normally be

present inside a store during rainy weather which would provide equal constructive knowledge to the invitee and to the owner/occupier alike; however, most of the case law deals with constructive knowledge of the owner/occupier and not with actual knowledge on the part of the owner/occupier, as in this case, where actual measures to abate the danger were attempted. *Alterman Foods,* supra; *Layne v. Food Giant,* 186 Ga. App. 71 (366 SE2d 402) (1988); *Brownlow v. Six Flags Over Georgia,* 172 Ga. App. 242 (322 SE2d 548) (1984); *Gibson v. Consolidated Credit Corp.,* supra. However, Winn Dixie had superior knowledge based upon its actual knowledge of the continuous hard rain and its appreciation of the danger which caused it to take preventive measures to remove the existing danger, to reduce the potential future danger, and to warn of the risk. See *Keaton v. A. B. C. Drug Co.,* 266 Ga. 385, 387 (2) (467 SE2d 558) (1996).

Just after plaintiff fell and in the presence of Mr. Shirley, an employee made the statement as an excited utterance "if this floor had been mopped or kept mopped this wouldn't happen." The identity and location of the employee are unknown, and plaintiff repeated such hearsay. However, such statement comes within the res gestae exception to the hearsay rule. See OCGA § 24-3-3; *Quiktrip Corp. v. Childs,* 220 Ga. App. 463 (469 SE2d 763) (1996); *Brown v. Piggly Wiggly Southern,* 210 Ga. App. 459 (436 SE2d 513) (1993); *T. G. & Y. Stores Co. v. Waters,* 175 Ga. App. 884 (334 SE2d 910) (1985); *A Child's World v. Lane,* 171 Ga. App. 438 (319 SE2d 898) (1984). This was not an admission by an agent, because the mere employee had no authority to bind Winn Dixie by his statement as did Mr. Shirley, as store manager. See OCGA § 24-3-33; *Sarantis v. Kroger Co.,* 201 Ga. App. 552, 553 (411 SE2d 758) (1991); *Brooks v. Kroger Co.,* 194 Ga. App. 215 (390 SE2d 280) (1990). However, Mr. Shirley had such authority to make an admission against interest of Winn Dixie during the res gestae of the slip-and-fall. See OCGA §§ 10-6-64; 24-3-33; *Brooks v. Kroger Co.,* supra at 216. Although Mr. Shirley made no verbal admission, the employee made a statement against the interest of Winn Dixie in his presence which he did not deny, limit, or correct. "Acquiescence or silence, when the circumstances require an answer, a denial, or other conduct, may amount to an admission." OCGA § 24-3-36; *Small v. Williams,* 87 Ga. 681 (13 SE 589) (1891); *St. Mary's Hosp. v. Cohen,* 216 Ga. App. 761 (456 SE2d 79) (1995); *Cheek v. J. Allen Couch & Son Funeral Home,* 125 Ga. App. 438 (187 SE2d 907) (1972). Thus, such statement amounts not only to a res gestae statement but may also be an admission against Winn Dixie's interest.

Subsequent remedial measures generally are inadmissible in negligence actions. However, "[s]uch evidence may also be admitted where the feasibility of repair or modification is an issue. [Cits.]"

*Wilson Foods Corp. v. Turner*, 218 Ga. App. 74, 78 (4) (460 SE2d 532) (1995); *Wittenberg v. 450 Capitol Assoc.*, 207 Ga. App. 260, 262 (427 SE2d 547) (1993); *Moody v. Southland Investment Corp.*, 126 Ga. App. 225, 234-235 (2) (190 SE2d 578) (1972). In this case, plaintiff testified as to the subsequent remedial measures in changing the entrance and in installing indoor-outdoor carpet at the entrance. Such evidence creates a fact question as to negligence on the present state of the record.

Mr. Shirley stated that, on *later* investigation, he had been told that an employee had inspected and mopped the floor five minutes prior to the fall. Such statement was inadmissible as hearsay and had no probative value and cannot be considered in summary judgment proceedings. *Hassell v. First Nat. Bank of Newton County*, 218 Ga. App. 231, 234 (2) (461 SE2d 245) (1995); *Sarantis v. Kroger Co.*, supra at 553.

Some cases show that when owner/occupiers feel that they should do more to protect their customers and also undertake to put out warnings and to mop up rainwater, such measures demonstrate the exercise of ordinary care to avoid the risk to customers, and under such facts, show that the owner/occupier exercised ordinary care under the circumstances. However, those cases differ factually from this case. For example, in *Colbert v. Piggly Wiggly Southern*, 175 Ga. App. 44, 45 (332 SE2d 304) (1985), the plaintiff testified that the floor was damp immediately after an employee had finished mopping up rain, but such mopping was found to have constituted the exercise of ordinary care. In this case, plaintiff's pants were soaked from water on the floor that was not visible, and there was no competent evidence as to when the floor had been mopped last, although it was to have been inspected and mopped every five minutes by order of the manager as a result of the heavy rain; there also was the admission and statement by the employee, as well as evidence of remedial action. In *Adams v. Winn-Dixie Stores,* 192 Ga. App. 892 (386 SE2d 686) (1989), the store manager testified that he had checked the floor shortly before the plaintiff's fall and had mopped the floor to minimize the accumulated rainwater; the plaintiff did not see the water, which was deep enough to form a puddle. In *Alterman Foods v. Munford,* 178 Ga. App. 214, 215 (342 SE2d 480) (1986), a warning sign had been placed directly in front of the door by a bag boy who regularly mopped the floor. However, in this case, the sign was placed off to the side of the entrance where plaintiff did not see the sign, and it is not known when the floor was mopped last. In *Alterman Foods v. Munford,* supra, after a second prong analysis of *Alterman Foods v. Ligon,* this Court found that the plaintiff had not exercised ordinary care. This case is factually more like *Rodriguez v. Piggly Wiggly Southern,* 185 Ga. App. 79, 80 (363 SE2d 291) (1987) where the

puddle accumulated, no one mopped, and no one knew about the collected rainwater, although the presence of a mop and bucket next to the door gave rise to constructive knowledge. Further, the safety mat was missing in that case, unlike this case.

Here, plaintiff was aware only that it was raining. There was no visible rainwater standing on the floor of the store. The single sign was not opposite the entrance but off to the side where the plaintiff did not see it. Thus, Winn Dixie had actual knowledge for many hours and mopped up the heavy rain about every five minutes, which is contrasted with the mere constructive knowledge of the plaintiff for mere minutes. See *Keaton v. A. B. C. Drug Co.*, supra at 387-388.

Under *Robinson v. Kroger Co.*, 268 Ga. 735 (493 SE2d 403) (1997), the Supreme Court held: "[f]inally, we reaffirm that, in order to recover for injuries sustained in a slip-and-fall action, an invitee must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier. However, the plaintiff's evidentiary proof concerning the second prong is not shouldered until the defendant establishes negligence on the part of the plaintiff — i.e., that the plaintiff intentionally and unreasonably exposed self to a hazard of which the plaintiff knew or, in the exercise of ordinary care, should have known." Id. at 748-749. The superior knowledge cases and the constructive knowledge cases of rainwater on the floor all come within the holding of *Robinson*, because they all turn on the second prong of *Alterman*, plaintiff's knowledge of the danger and the exercise of ordinary care by the plaintiff regarding such knowledge. See *Adams v. Winn Dixie Stores*, supra at 893; *Colbert v. Piggly Wiggly Southern*, supra at 47; *Alterman Foods v. Munford*, supra at 215; *Gibson v. Consolidated Credit Corp.*, supra at 180. "Where a defendant had no actual or constructive knowledge of the hazard, summary judgment in favor of the defendant was appropriate since the plaintiff could not establish that the defendant had knowledge of the hazard superior to that of the invitee. [Cits.]" *Robinson*, supra at 737.

"In sum, we remind members of the judiciary that the 'routine' issues of premises liability, i.e., the negligence of the defendant and the plaintiff, and the plaintiff's lack of ordinary care for personal safety are generally not susceptible of summary adjudication, and that summary judgment is granted only when the evidence is plain, palpable, and undisputed." *Robinson*, supra at 748.

*Judgment reversed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED JULY 2, 1998 —
RECONSIDERATION DENIED JULY 15, 1998.

*Margot S. Roberts*, for appellant.

*Fain, Major & Wiley, Gene A. Major, Darryl G. Haynes*, for appellee.