72101. NICHOLSON v. METROPOLITAN ATLANTA RAPID TRANSIT AUTHORITY.
(345 SE2d 679)

McMURRAY, Presiding Judge.

Summary judgment. The plaintiff sued the Metropolitan Atlanta Rapid Transit Authority (MARTA) for injuries she allegedly sustained when she slipped and fell on ice located at MARTA's Five Points rail station. The facts which gave rise to this action, construed most favorably for the plaintiff, were as follows: On the morning of December 28, 1983, the weather in Atlanta was wet and "extremely cold." MARTA was aware that the freezing temperatures would present hazardous icing conditions at its rail stations and by 7:30 a.m. had assigned over 27 maintenance employees to clear ice for pedestrian traffic for the entire system including Five Points. At the outset of the worst icing at the Five Points station, MARTA had assigned maintenance employees to put barricades and clear paths through ice by applying an ice melting chemical in pedestrian traffic areas. After the situation at the Five Points station was "under control," maintenance employees remained as a "mop-up crew." (MARTA had received reports of seven persons slipping on ice at the Five Points station that morning.)

The plaintiff was aware of the hazardous road conditions created by the weather. However, after being informed that her office would be open, she left for work. The plaintiff arrived at the upper level or "plaza" of the Five Points station at approximately 8:55 a.m. and noticed that the tile floor appeared to be wet. The plaintiff began walking across the plaza and realized that she was not walking on wet tile, but was walking on a thin sheet of transparent ice. (The plaintiff was approximately 10 feet onto the plaza when she realized she was on ice.) The plaintiff began taking small steps toward a planter located in the plaza in order to have a base to stabilize herself. However, before reaching the planter, the plaintiff slipped and fell, sustaining the alleged injuries which gave rise to this action. From these facts, MARTA moved for summary judgment arguing that the plaintiff had assumed the risk of the hazardous conditions created by the weather. The trial court granted summary judgment in favor of MARTA and the plaintiff appeals. *Held*:

In her only enumeration of error the plaintiff argues that the trial court erred in granting MARTA's motion for summary judgment. "Resolution of this question requires that we establish as a predicate the applicable legal principles and parameters within which the facts of the instant case must be considered. '(I)n order for (a plaintiff in a slip and fall case such as this) to recover, two elements must exist: (1) fault on the part of the owner, and (2) ignorance of the danger on the part of the invitee, [cit.].' *Pound v. Augusta Nat.*, 158 Ga. App. 166, 168 (279 SE2d 342) (1981). Stated another way, liability for injuries resulting from an invitee's slip and fall on a proprietor's premises is determined by the relative 'knowledge' possessed by the proprietor and the invitee of the condition or hazard which resulted in the injury. ' "The basis of the proprietor's liability is his superior knowledge, and if his invitee knows of the condition or hazard there is no duty on the part of the proprietor to warn him and there is no liability for resulting injury because the invitee has as much knowledge as the proprietor does and then by voluntarily acting in view of his knowledge, assumes the risks and dangers incident to the known condition." ' *Rogers v. Atlanta Enterprises, Inc.*, 89 Ga. App. 903, 906 (81 SE2d 721) (1954). Thus, in cases such as the instant one, where an invitee has slipped and fallen on a foreign substance such as ice, 'knowledge' is the decisive issue and 'the plaintiff must show (1) that the defendant had actual or constructive knowledge of the foreign substance and (2) that the plaintiff was without knowledge of the substance or for some reason attributable to the defendant was prevented from discovering the foreign substance.' *Alterman Foods v. Ligon*, 246 Ga. 620, 623 (272 SE2d 327) (1980). Therefore, the legal issue in the instant case is whether the evidence, when construed most favorably for [the plaintiff], demonstrates as a matter of law

that [MARTA] did not have knowledge superior to that of [the plaintiff] of the condition or hazard which resulted in the slip and fall." *Telligman v. Monumental Properties*, 161 Ga. App. 13, 14-15 (2) (288 SE2d 846). See *Vizzini v. Blonder*, 165 Ga. App. 840 (303 SE2d 38).

It is not disputed that both MARTA and the plaintiff had actual knowledge of the bad weather conditions in the Atlanta area on the morning of the accident. However, this fact is not controlling as to the plaintiff's knowledge of the icy condition of the plaza floor of the Five Points station. "[I]t is a plaintiff's knowledge of the *specific* hazard which precipitates the slip and fall which is determinative, not merely his knowledge of the generally prevailing hazardous conditions or of the hazardous conditions which he observes and avoids." *Telligman v. Monumental Properties*, 161 Ga. App. 13, 16 (2), supra. On the other hand, MARTA's notice of the poor weather conditions prompted it to assign maintenance crews to clear ice and close areas where dangerous icing conditions were present. This fact authorizes a finding that MARTA "was at 'fault' with regard to any hazardous icy condition existing [on the tile floor of the plaza at its Five Points station] and had at least constructive knowledge [of the ice patch on the plaza floor where the plaintiff fell]." *Telligman v. Monumental Properties*, 161 Ga. App. 13, 15 (2), supra.

We now turn to the evidence concerning the plaintiff's knowledge of the specific hazardous condition at the Five Points station. In her deposition, filed in conjunction with MARTA's motion for summary judgment, the plaintiff stated that prior to walking onto the plaza floor, she noticed that the tile appeared to be wet. However, she further stated that she did not realize that she was walking on a sheet of ice until she was approximately 10 feet on the plaza floor, surrounded by ice. (The plaintiff stated that she saw no ice at the Five Points station prior to walking onto the plaza floor.) This evidence, when construed against MARTA and in favor of the plaintiff, shows that the plaintiff did not have "actual knowledge" of the ice on the plaza floor *before she was faced with the risk of negotiating the hazard.* Therefore, under the circumstances of the case sub judice, we find that MARTA's constructive knowledge was "superior" to the plaintiff's lack of knowledge of the hazardous condition. Consequently, the trial court erred in granting summary judgment in favor of MARTA. Compare *Speaks v. Rouse Co. of Ga.*, 172 Ga. App. 9 (321 SE2d 774), where this court found the plaintiff chargeable with actual notice of the hazard created by accumulating ice.

*Judgment reversed. Carley and Pope, JJ., concur.*

DECIDED MAY 22, 1986.

*John A. Allen, Timothy W. Wolfe*, for appellant.

*Michael E. Fisher*, for appellee.