A92A1741. BLOCH et al. v. HERMAN'S SPORTING GOODS, INC. et al.

(430 SE2d 86)

JOHNSON, Judge.

Patricia and Alan Bloch brought this action for negligence and loss of consortium against Herman's Sporting Goods, Inc., Toys-R-Us, Inc., Northlake Associates, and Crow Atlanta Retail seeking damages for injuries Ms. Bloch sustained when she slipped and fell on an icy sidewalk located in the Northlake Festival Shopping Center.

The facts construed most favorably to the appellants are as follows: Toys-R-Us and Herman's are located adjacent to each other in the Northlake Festival Shopping Center. They are abutted in the front by a continuous sidewalk. On the morning of December 19, 1989, Ms. Bloch went to Northlake Festival Shopping Center to purchase an item from Toys-R-Us. The temperature in the Atlanta area had been below freezing for several days, ice had accumulated in various places around the city and on this particular morning there was "a light freezing rain." Schools in the surrounding area had been closed on December 18, 1989, due to inclement weather and on the morning of December 19, 1989, Ms. Bloch had observed ice on her daughter's school grounds. As Ms. Bloch approached the entrances of Herman's and Toys-R-Us she noticed a "band of ice that appeared . . . to be completely impassible" on the portion of the sidewalk in front of Toys-R-Us. In an effort to avoid the ice, she decided that she would traverse the portion of the sidewalk in front of Herman's. There, Ms. Bloch noticed ice accumulations in the gutter, on the curb and on the first part of the sidewalk. Just beyond the edge of the sidewalk, she saw an area which appeared to be clear of ice but covered with puddles of water. She stepped over the ice and into one of the puddles of water. She slipped on what she believed to be "invisible" ice located under the water and fell, injuring her ankle. She appeals from the order granting summary judgment to the appellees.

In her sole enumeration of error, Bloch contends that the trial

court erred in granting summary judgment in favor of the appellees. We disagree.

A proprietor has the duty to keep premises safe for his invitees; but the plaintiff cannot recover if she has failed to exercise ordinary care for her own safety. See OCGA §§ 51-3-1 and 51-11-7. In order to recover for a slip and fall resulting from a hazardous condition not only must the plaintiff show that the defendant had knowledge of the presence of the hazardous condition, but the plaintiff must also show that she was without knowledge of its presence. *Alterman Foods v. Ligon*, 246 Ga. 620, 623 (272 SE2d 327) (1980). "The customer must exercise ordinary care for [her] own safety, and must by the same degree of care avoid the effect of the merchant's negligence after it becomes apparent to [her] or in the exercise of ordinary care [she] should have learned of it." (Punctuation omitted.) Id.

Ordinarily, knowledge of a hazardous condition is not necessarily knowledge of danger inherent in such a condition. However, knowledge of a puddle of water surrounded by ice, coupled with knowledge of the generally prevailing weather conditions, is knowledge of a probable danger of encountering additional ice under the surface of the water and a danger of slipping when walking thereon. See *Bowman v. Richardson*, 176 Ga. App. 864, 865 (338 SE2d 297) (1985) (holding that actual knowledge of the risk posed by slippery manhole not necessary where plaintiff aware the entire sidewalk was wet). In the absence of any evidence to the contrary, it is presumed that Ms. Bloch is a person possessing ordinary intelligence to whom the risk attendant upon stepping in a puddle of water under the specific conditions which existed here would be obvious. See *City of Rome v. Baker*, 107 Ga. 347 (33 SE 406) (1899); see also *Smith v. Bel-Arbor*, 121 Ga. App. 739 (175 SE2d 146) (1970).

Ms. Bloch's reliance on *Telligman v. Monumental Properties*, 161 Ga. App. 13 (288 SE2d 846) (1982) is misplaced. In *Telligman*, the appellant stepped up on a sidewalk on the proprietor's premises believing that there was no ice or any other hazardous condition in the area in which she stepped. No ice, water, or any other foreign substance was apparent. Unlike the plaintiff in *Telligman*, Ms. Bloch consciously and deliberately placed her foot into a hazardous condition, a puddle of water, with knowledge that the sidewalk and surrounding areas were covered with ice. By choosing to walk in a puddle in the midst of the ice accumulations, she assumed any risks incident thereto and was guilty of such a lack of ordinary care for her own safety that she cannot recover. See OCGA § 51-11-7; see generally *Wade v. Roberts*, 118 Ga. App. 284, 287 (163 SE2d 343) (1968). Because Ms. Bloch failed to exercise due care for her own safety, we need not address the question whether the defendants breached any duty to her. The trial court correctly granted summary judgment to

the defendants.

2. It is undisputed that Ms. Bloch's fall occurred on the portion of the sidewalk directly in front of Herman's. We therefore note that summary judgment was properly granted to Toys-R-Us. It had no duty to maintain the portion of the sidewalk immediately in front of Herman's in a safe condition. See *Elmore of Embry Hills v. Porcher*, 124 Ga. App. 418, 420 (183 SE2d 923) (1971).

*Judgment affirmed. Pope, C. J., and Carley, P. J., concur.*

DECIDED MARCH 9, 1993 —
RECONSIDERATION DENIED MARCH 31, 1993

*England, Weaver & Kytle, George M. Weaver*, for appellants.
*Swift, Currie, McGhee & Hiers, Lynn M. Roberson, Sybil R. Carter*, for appellees.