A00A1968. MOSS v. DEPARTMENT OF PUBLIC SAFETY et al.
(543 SE2d 799)

ANDREWS, Presiding Judge.

In a suit brought pursuant to the Georgia Tort Claims Act against the Georgia Department of Public Safety (the Department) and the Georgia State Patrol (a division of the Department), Daniel C. Moss alleged that, while exiting the State Patrol office in Lawrenceville, he was injured when he slipped and fell because of a hazardous condition which the Department and the State Patrol negligently allowed to exist on the premises. Because the record shows that the alleged hazard was not a condition on the premises that the Department or the State Patrol had a duty to correct, and that it was an obvious condition which Moss saw and could have easily avoided, we affirm the trial court's grant of summary judgment in favor of the Department and the State Patrol.

1. The record shows that Moss left the State Patrol office on a rainy day and started walking to his car parked in the adjacent parking lot. Instead of walking on the paved sidewalk leading to the parking lot, Moss took a shortcut to the parking lot on what appeared to be a worn path across a grassy area. When he encountered a shallow puddle of water which had accumulated in a depressed area of the grass, he attempted to jump over the puddle. Moss said that he took a step at the edge of the puddle to attempt the jump, and the "ground gave way" or his "foot slid on into the mud or whatever," causing him to fall. There was no evidence that anyone else had previously slipped and fallen in the area because of these conditions.

First, we decline to hold that the Department or the State Patrol was negligent in allowing a puddle of rainwater to accumulate on the ground outside its office. It is common knowledge that puddles of water will accumulate on the ground on rainy days. Neither the Department nor the State Patrol was required to insure that the grass on its premises was perfectly level and free of any depression in which a shallow puddle could form when it rains. *Tanner v. Larango*, 232 Ga. App. 599, 600 (502 SE2d 516) (1998). It follows that the natural, temporary accumulation of rainwater in the depressed area of the grass did not create a condition on the premises which the Department or the State Patrol, in the exercise of ordinary care, had a duty to remove or remedy to keep the premises safe. OCGA § 51-3-1.

Second, the puddle was an obvious, static condition which Moss saw and could have easily avoided by taking the sidewalk to the parking lot. Instead, Moss failed to exercise due care for his own safety when he confronted the condition and performed an obviously dangerous act by attempting to jump over it. "A plaintiff is held accountable for the failure to exercise due care for personal safety when doing an obviously dangerous act, and that failure is regarded as the sole proximate cause of the injury." *City of Winder v. Girone*, 265 Ga. 723, 724 (462 SE2d 704) (1995).

The trial court properly granted summary judgment in favor of the Department and the State Patrol.

2. Moss contends the trial court erred by granting the Department's motion in limine to exclude evidence that, after the accident, the Department constructed a sidewalk across the grassy area in order to comply with a subsequent Americans with Disabilities Act survey. As set forth in Division 1, supra, the grant of summary judgment was proper regardless of whether this evidence was excluded or considered by the trial court in ruling on the summary judgment motion. There was no error.

3. We find no error in the fact that, after the trial court initially denied the Department's motion for summary judgment, it sua sponte reconsidered its earlier denial and granted the motion for summary judgment. It was within the discretion of the trial court to reconsider its earlier denial of summary judgment, and no additional notice to Moss was necessary since he had already been given a full and fair opportunity to respond to the motion when it was first presented to the trial court. *T. L. Rogers Oil Co. v. South Carolina Nat. Bank*, 203 Ga. App. 605, 606 (417 SE2d 336) (1992); *Plantation Pipeline Co. v. Royal Indem. Co.*, 245 Ga. App. 23, 29-30 (537 SE2d 165) (2000).

*Judgment affirmed. Ruffin and Ellington, JJ., concur.*

DECIDED DECEMBER 22, 2000.

*Jewett & Clark, Robin F. Clark,* for appellant.

*Thurbert E. Baker, Attorney General, Kathleen M. Pacious, Deputy Attorney General, Loretta L. Pinkston, Senior Assistant Attorney General, David B. Fife, Assistant Attorney General,* for appellees.