A07A1855. BLOCKER v. WAL-MART STORES, INC.
(651 SE2d 845)

BLACKBURN, Presiding Judge.

In this slip and fall case, Sallie Blocker appeals the grant of summary judgment to Wal-Mart Stores, Inc. (Wal-Mart), contending that material issues of fact exist as to Wal-Mart's constructive knowledge as shown by (1) whether nearby Wal-Mart employees were in a position to discover the hazard on which Blocker slipped, and (2) whether Wal-Mart should have discovered the hazard according to its routine inspection procedure. We conclude that the trial court correctly ruled that nearby Wal-Mart employees were not in a position to easily see the hazard, but because there was no evidence as to

---

[12] *Payne v. State*, 248 Ga. App. 158, 161 (3) (b) (545 SE2d 336) (2001).
[13] *Thurmond v. State*, 161 Ga. App. 602, 605 (2) (288 SE2d 780) (1982).

whether Wal-Mart carried out its routine inspection procedures, we must reverse the trial court's ruling on that issue.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

*Matjoulis v. Integon Gen. Ins. Corp.*[1]

So viewed, the record shows that in September 2004, Blocker met a friend at Wal-Mart to grocery shop for their church. As Blocker's friend waited in the checkout line, Blocker decided to use the restroom located at the front of the store. On her way back from the restroom, Blocker slipped on a grape on the floor and fell, injuring her knee. Shortly after she fell, Wal-Mart employees attended to her and filled out an incident report based on what Blocker told them.

Blocker sued Wal-Mart for her injury, claiming that Wal-Mart breached its duty to her to keep the store premises reasonably safe. Following discovery, Wal-Mart moved for summary judgment, arguing that it had neither actual nor constructive knowledge of the grape on which Blocker slipped. After a hearing, the trial court granted Wal-Mart's motion, giving rise to this appeal.

> [I]n order to recover for injuries sustained in a slip-and-fall action, an invitee must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier. However, the plaintiff's evidentiary proof concerning the second prong is not shouldered until the defendant establishes negligence on the part of the plaintiff.

*Robinson v. Kroger Co.*[2]

Wal-Mart's summary judgment motion focused on the first prong above, i.e., Wal-Mart's knowledge of the hazard.

> Where, as here, it is undisputed the defendant lacked actual knowledge of any alleged hazard, the case turns on whether

---

[1] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).
[2] *Robinson v. Kroger Co.*, 268 Ga. 735, 748-749 (2) (b) (493 SE2d 403) (1997).

constructive knowledge of the alleged hazard can be imputed to the owner/occupier. Constructive knowledge can be established in two ways. First, constructive knowledge can be demonstrated by showing that an employee was positioned in the immediate vicinity and had the opportunity and means to discover and remove the hazard. Second, constructive knowledge may be shown by evidence that the alleged hazard was present for such a length of time that it would have been discovered had the proprietor exercised reasonable care in inspecting the premises.

(Citation omitted.) *Washington v. J. D. Royer Wholesale Florist*.[3]

1. Blocker first contends that the trial court erred in ruling that Wal-Mart employees were not in a position to discover and remove the grape on which Blocker fell. We disagree.

The undisputed record shows that Blocker slipped and fell within an arm's length of the bagging counter at the end of a checkout aisle. In her deposition, Blocker explained that she slipped on a grape as she walked past a line of people at the customer service desk and past other people who were standing at the end of the bagging counter of a checkout aisle. Blocker drew a diagram showing the location of the fall, which was between several people. She further stated that as she fell, two people grabbed her and broke her fall.

Here, it is undisputed that Wal-Mart employees were checking out customers in the checkout lines near where Blocker fell. However,

[e]vidence that an employee was present in the area of the hazard is not sufficient, standing alone, to raise a jury question as to the proprietor's constructive knowledge of the hazard. Rather, to prevent summary judgment, *it must be shown that the employee was in a position to have easily seen the substance and removed it.*

(Punctuation omitted; emphasis supplied.) *Kroger Co. v. Williams*.[4] According to Blocker's own testimony and diagram, the grape on which Blocker slipped was located in a busy part of the store in an area which was surrounded by people in line and checking out. Blocker testified that she did not see the grape either on her way to the bathroom or when she slipped on it. Nor was there any evidence that Wal-Mart employees were facing or had an unobstructed view of the area where Blocker fell. Under these circumstances, Blocker has

---

[3] *Washington v. J. D. Royer Wholesale Florist*, 275 Ga. App. 407, 408 (620 SE2d 626) (2005).
[4] *Kroger Co. v. Williams*, 274 Ga. App. 177, 178 (617 SE2d 160) (2005).

not met her burden to show that Wal-Mart employees could have easily seen the grape as they worked in the area. Accordingly, the trial court did not err in ruling that Blocker failed to show Wal-Mart's constructive knowledge by this method.

2. Blocker also contends that the trial court erred in ruling that, in light of Wal-Mart's inspection procedure, Blocker failed to meet her burden of proof of demonstrating how long the grape was present. We agree.

> In order to prevail at summary judgment based on lack of constructive knowledge, the owner must demonstrate not only that it had a reasonable inspection program in place, *but that such program was actually carried out at the time of the incident.* In addition, to withstand a motion for summary judgment, the plaintiff need not show how long the hazard had been present unless the owner has demonstrated its inspection procedures.

(Emphasis supplied.) *Davis v. Bruno's Supermarkets.*[5] See *J. H. Harvey Co. v. Reddick*[6] ("a plaintiff need not show how long a substance has been on the floor unless the defendant has established that reasonable inspection procedures were in place and followed at the time of the incident") (punctuation omitted).

Here, Wal-Mart presented evidence from two employees. Both testified that Wal-Mart's policy is to call employees to do "safety sweeps" once each hour, whereby employees would look for hazards in their area. However, when asked about the particular day Blocker fell, neither employee could recall even that she fell, nor did they testify as to any safety sweeps done or called for on that day. One employee did testify to being the first on the scene, after being presented with the incident report he filled out, but he explained that he had no memory of the incident or day itself other than what was on the form, which did not address safety inspections. Therefore, Wal-Mart presented no evidence as to whether or how frequently its inspection procedure was carried out on the day Blocker fell.

Even so, Wal-Mart relies on testimony from Blocker and her friend to show that the grape was on the floor for such a short period of time that any reasonable inspection procedure would not have revealed the hazard. To do this, Wal-Mart points to testimony from Blocker's friend that Blocker "said [the grape] wasn't there when she went to the bathroom," and testimony from Blocker that she did not

---

[5] *Davis v. Bruno's Supermarkets*, 263 Ga. App. 147, 148-149 (1) (587 SE2d 279) (2003).

[6] *J. H. Harvey Co. v. Reddick*, 240 Ga. App. 466, 470 (1) (b) (522 SE2d 749) (1999).

see the grape on her way to the restroom, which was five to six minutes prior to her fall. Accordingly, Wal-Mart argues that the grape could not have been there more than five or six minutes, and any inspection procedure would have been futile in such a short interval.

However, to adopt this reasoning would require us to abandon the proper view of the evidence at the summary judgment stage, i.e., most favorably to Blocker, the nonmovant. So viewed, the evidence on which Wal-Mart relies does not clearly establish what length of time the grape was on the floor, as Blocker also states in her testimony, "[I have] no idea how long it had been there." The testimony on which Wal-Mart relies merely establishes that Blocker did not see the grape on her way to the restroom. As "[t]he Supreme Court of Georgia has rejected any requirement that an invitee look continuously at the floor for defects," *Davis v. Bruno's Supermarkets*, supra, 263 Ga. App. at 150 (3), the evidence Wal-Mart relies on, viewed in the proper light, does not establish what length of time the grape was there, nor do Wal-Mart's inspection procedures.

Further, awareness of a hazard such as a grape on the floor "is not necessarily imputed to an invitee who successfully traverses an area, but then slips or trips on a hazard while taking a different route across the same general area." *Ward v. Autry Petroleum Co.*[7] "Only where the evidence is plain, palpable, and undisputable can the trial court conclude that a party is entitled to judgment as a matter of law." Id. at 877. Therefore, in the absence of clear evidence of how long the grape was present on the floor, and in the absence of evidence that Wal-Mart actually carried out its inspection procedures, we cannot say that Wal-Mart has shown, as a matter of law, that it lacked constructive knowledge of the hazard. See *Avery v. Cleveland Avenue Motel*[8] ("[i]n order to prevail at summary judgment based on lack of constructive knowledge, the owner must demonstrate not only that it had a reasonable inspection program in place, but that such program was actually carried out at the time of the incident"). Accordingly, we must reverse the trial court's ruling with respect to this issue.

*Judgment affirmed in part and reversed in part. Ruffin and Bernes, JJ., concur.*

DECIDED SEPTEMBER 18, 2007.

*Thomas A. Nash, Jr.*, for appellant.

---

[7] *Ward v. Autry Petroleum Co.*, 281 Ga. App. 877, 880 (2) (b) (637 SE2d 483) (2006).

[8] *Avery v. Cleveland Avenue Motel*, 239 Ga. App. 644, 645-646 (2) (521 SE2d 668) (1999).

*Drew, Eckl & Farnham, Brenda K. Katz, Kelly J. Shepherd*, for appellee.