## A07A1928. LITTLE v. ALLIANCE FIRE PROTECTION, INC.
(661 SE2d 173)

ADAMS, Judge.

Randall Little, D.M.D., filed a premises liability claim against St. Vivant Limited Partnership and European American Realty, Ltd. ("EAR") after he slipped and fell in the back parking lot of One Crowne Center in Clayton County, where he rented space for his dental office. EAR, the owner of the building, filed a third-party complaint against Alliance Fire Protection, Inc. Alliance filed a motion for summary judgment. Although EAR did not file its own

motion for summary judgment, it adopted Alliance's argument that Little's claims failed as a matter of law because he failed to exercise due care for his own safety. The trial court subsequently granted summary judgment to both Alliance and EAR, and Little appeals.

In order to prevail on its motion for summary judgment, the defendants were required to establish that no genuine issue of material fact exists and that it is thus entitled to judgment as a matter of law. "A defendant may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of the plaintiff's case." (Footnote omitted.) *Wallace v. Wal-Mart Stores*, 272 Ga. App. 343 (612 SE2d 528) (2005). On appeal from an order of summary judgment, this Court reviews "the evidence and record de novo, construing all reasonable conclusions and inferences in favor of the nonmovant." (Footnote omitted.) *Howard v. Gram Corp.*, 268 Ga. App. 466, 467 (602 SE2d 241) (2004).

Viewed in that light, the evidence shows that on the morning of January 7, 2004, the temperature was around 18 degrees, and the weather was clear and dry, with no rain or snow. At about 6:30 a.m., Alliance released approximately 1,000 gallons of water into the roof drains of One Crowne Center as part of its annual fire sprinkler inspection of the building. The drain pipes channeled the water behind the building and directly across the back parking lot.

At around 8:00 or 8:15 a.m., Little arrived at the back parking lot of the building, where he regularly parked because he had an entry card that allowed him access through the building's rear entrance. After getting out of his car, Little saw water running downhill through the parking lot. Although he also saw standing water in the parking lot, he did not see any ice. Little started to walk through the running water in the parking lot. When he began, there were no slippery conditions, but as he continued, he slipped on ice that had formed underneath the running water. After Little fell, he slipped again as he tried to stand. Determining that he was unable to stand on that spot, he crawled to a grassy area in order to approach the building. When he reached the landing area near the building's steps, he noticed ice in that location. Although Little was aware that the weather was very cold and that water freezes at 32 degrees, he asserted that prior to this incident he was unaware that ice could form in running water.

"Georgia courts have fashioned a two-prong test that must be met for a plaintiff to prevail on a premises liability claim." *Kennestone Hosp. v. Harris*, 285 Ga. App. 393, 394 (646 SE2d 490) (2007). Thus,

> [i]n order to recover for injuries sustained in a slip-and-fall action, an invitee must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier.

(Citation and footnote omitted.) *Blocker v. Wal-Mart Stores*, 287 Ga. App. 588, 589 (651 SE2d 845) (2007).[1] Therefore, "knowledge is the decisive issue." (Citations and punctuation omitted.) *Nicholson v. MARTA*, 179 Ga. App. 173, 174 (345 SE2d 679) (1986). "Stated another way, liability for injuries resulting from an invitee's slip and fall on a proprietor's premises is determined by the relative knowledge possessed by the proprietor and the invitee of the condition or hazard which resulted in the injury." (Citations and punctuation omitted.) Id.

In seeking summary judgment, however, Alliance did not address the first prong of this test — the issue of the defendants' knowledge of the hazard — but instead argued only that Little could not establish that he exercised ordinary care for his own safety under the second prong of the test. In fact, while Alliance presented evidence that its own employees had no knowledge of the hazard, it asserted in its summary judgment brief that EAR and St. Vivant were aware of running water and ice forming in the back parking lot and took steps to treat the affected areas. EAR expressly adopted Alliance's argument on this issue.[2] Alliance based this assertion on EAR's answer to an interrogatory, in which the company stated that when Little arrived at work that day, the back parking lot was blocked to cars because of running water and ice, and "[t]he building engineer was in the process of putting Ice Melt on the sidewalks and areas effected [sic]." At the hearing on the motion, Alliance and EAR confirmed that they were not presenting argument on the issue of whether the defendants had constructive or superior knowledge of the hazard.

Nevertheless, in granting the motion for summary judgment, the trial court made factual findings regarding the parties' relative knowledge of the hazard. The court found that while Little and EAR both knew that water was running off the building in cold weather, neither knew that ice had formed underneath the running water.

---

[1] "However, the plaintiff's evidentiary proof concerning the second prong is not shouldered until the defendant establishes negligence on the part of the plaintiff." (Citation and footnote omitted.) *Blocker v. Wal-Mart Stores*, 287 Ga. App. at 589.

[2] We note, however, that Alliance also included this assertion in its Statement of Material Facts as to Which No Genuine Issue Remains to be Tried filed in support of its summary judgment motion, but EAR denied the allegation in its response.

The trial court also found that EAR was unaware of any ice and took no remedial actions until after Little fell. These findings were in error.

First, Little was not required to address the issue of the defendants' knowledge of the hazard, as the issue was not raised on summary judgment. Although Alliance denies any knowledge of the hazard, the company did not directly seek summary judgment on this ground.[3] Nor did EAR raise such an argument. Therefore, Little did not have to address it:

> Nothing . . . places a burden on a plaintiff to respond to issues which are not raised in the motion for summary judgment or to present his entire case on all allegations in the complaint — even on issues not raised in the defendants' motion. Indeed, until appellees pierce the allegations of the complaint on a particular issue, plaintiff is neither required to respond to the motion on that issue[ ] nor required to produce evidence in support of his complaint on that issue.

(Citations and punctuation omitted.) *Williams v. EMRO Marketing Co.*, 229 Ga. App. 468-469 (1) (494 SE2d 218) (1997) (physical precedent only). See also *Knight v. American Suzuki Motor Corp.*, 272 Ga. App. 319, 325 (612 SE2d 546) (2005). Because Little was not given sufficient notice that the trial court would consider the question of defendants' knowledge, the court erred in ruling on the issue without giving Little the opportunity to address it.

> [W]hile a trial court may grant summary judgment sua sponte, "a trial court's authority to do so is not unlimited": The grant of summary judgment must be proper in all other respects. This means that in addition to ensuring the record supports such a judgment, the trial court must ensure that the party against whom summary judgment is rendered is given full and fair notice and opportunity to respond prior to entry of summary judgment.

(Citation and punctuation omitted.) *Knight v. American Suzuki Motor Corp.*, 272 Ga. App. at 326 (2).

Second, the trial court's conclusions are not supported by the record. Both Alliance and EAR appear to concede in argument that

---

[3] Rather, Alliance argued that it had no obligation to indemnify EAR for the work it performed at One Crowne Center and thus had no liability for Little's injuries. Only if a court "improperly imposed the same duty on Alliance as it would on an owner/occupier," would Alliance raise the argument that it lacked the actual or constructive knowledge of the hazard.

EAR was aware that ice was forming and took efforts to address the hazard before Little arrived, but the trial court found that EAR took action only after Little fell. Accordingly, we find that factual issues remain as to EAR's knowledge of the hazard under the first prong of the test.

Alliance and EAR argue, however, that summary judgment is proper, in any event, because Little failed to exercise ordinary care for his own safety and assumed the risk of walking across the parking lot with water running across it in 18-degree weather. Under this argument, the issue is "whether, taking into account all the circumstances existing at the time and place of the fall, the invitee exercised the prudence the ordinarily careful person would use in a like situation." (Citation and punctuation omitted.) *Dumas v. Tripps of North Carolina*, 229 Ga. App. 814, 815 (1) (495 SE2d 129) (1997). In support of their position, Alliance and EAR rely upon decisions of this Court holding that a plaintiff fails to exercise the requisite caution where he has knowledge of a hazardous area, but nevertheless chooses to traverse it. *Bloch v. Herman's Sporting Goods*, 208 Ga. App. 280 (430 SE2d 86) (1993); *Bowman v. Richardson*, 176 Ga. App. 864 (338 SE2d 297) (1985).

In *Bloch*, the plaintiff drove to the defendant's store when the temperature in the area had been freezing for several days. When she arrived at the store, she saw ice accumulations on the shopping center's gutters, on the curb and on part of the sidewalk. She chose to step on an area that appeared to be clear of ice, but was covered in puddles of water. She slipped on what she believed to be "invisible" ice under the water. *Bloch v. Herman's Sporting Goods*, 208 Ga. App. at 280. This Court affirmed summary judgment to the defendant, holding that "knowledge of a puddle of water surrounded by ice, coupled with knowledge of the generally prevailing weather conditions, is knowledge of a probable danger of encountering additional ice under the surface of the water." Id. at 281.

In *Bowman*, the plaintiff, while walking down a sidewalk on the defendant's property, observed water running down the sides of the path. The plaintiff fell when she stepped on a slick manhole cover, which was wet like the rest of the sidewalk. *Bowman v. Richardson*, 176 Ga. App. at 864. This Court affirmed summary judgment in favor of the property owner, holding that the plaintiff knew the area was wet and should have seen and avoided the slick manhole cover. Id.

We find these cases distinguishable, however, because in each instance, the evidence was undisputed that the plaintiff had knowledge of the specific hazard that caused her fall. In contrast, Little was aware of running water in the parking lot, but he was unaware of any ice in the area until he slipped. Nor was there any evidence that the ice was readily visible, like the manhole cover in *Bowman*.

Alliance and EAR argue, however, that Little's knowledge of the cold temperature and the water running through the parking lot was enough to apprise him of the hazard. But we find these factors insufficient to establish as a matter of law that Little failed to exercise the requisite care for his own safety.

"[I]t is a plaintiff's knowledge of the *specific* hazard which precipitates the slip and fall which is determinative, not merely his knowledge of the generally prevailing hazardous conditions or of the hazardous conditions which he observes and avoids." (Emphasis in original.) *Telligman v. Monumental Properties*, 161 Ga. App. 13, 16 (2) (288 SE2d 846) (1982). Thus, this Court refused to find as a matter of law that a plaintiff had failed to exercise the requisite care (1) where the plaintiff had general knowledge of prior icy conditions and continuing cold, but did not have specific knowledge of ice on the ramp near the defendant's back entrance;[4] (2) where the plaintiff knew it was a cold, clear day, but did not see ice formed from water running downhill from a wooded area onto the parking lot where she parked her car;[5] (3) where the plaintiff was aware of hazardous road conditions from the weather, but was unaware that what appeared to be merely wet tile inside a MARTA station was actually ice;[6] or (4) where the plaintiff was aware of generally existing icy conditions and of ice on other parts of the sidewalk, but was not aware of ice in the area where she stepped.[7]

We find these cases more analogous to the facts in this case. In *Nicholson v. MARTA*, for example, the plaintiff stepped onto wet tile on a cold day and did not realize until it was too late that the tile was icy. *Nicholson v. MARTA*, 179 Ga. App. at 174. Similarly, Little stepped in running water on a cold day, and did not realize until it was too late that ice had formed underneath or that ice had formed in the area. Moreover, although Little was aware of the running water, it is undisputed that it was ice under the water and not the water itself that caused his fall.

Accordingly, we conclude under these circumstances that a jury issue exists as to whether Little exercised the requisite care for his own safety. See *Dumas v. Tripps of North Carolina*, 229 Ga. App. at 816 (2) ("routine issues" of premises liability including plaintiff's lack of ordinary care for personal safety generally not susceptible of summary adjudication).

---

[4] *Moore v. WVL Restaurant*, 255 Ga. App. 762, 763 (566 SE2d 465) (2002).

[5] *Dumas v. Tripps of North Carolina*, 229 Ga. App. at 815-816 (1).

[6] *Nicholson v. MARTA*, 179 Ga. App. at 174.

[7] *Telligman v. Monumental Properties*, 161 Ga. App. at 17.

122

*Judgment reversed. Blackburn, P. J., Ellington, Phipps and Mikell, JJ., concur. Andrews, P. J., and Johnson, P. J., dissent.*

ANDREWS, Presiding Judge, dissenting.

Because I believe this is one of those cases in which the evidence of Little's equal knowledge of the condition which he contends caused his fall is "plain, palpable, and undisputed[,]" I would affirm the trial court's grant of summary judgment to Alliance Fire Protection, Inc., European American Realty, Ltd., and St. Vivant Limited Partnership.

The majority has omitted several facts which I believe should be considered in determining this case. First, Little had maintained an office in this building since 1999. He usually parked in the same place behind the building and walked to the rear entrance. Through the windows of his offices, Little had seen water released in a similar fashion on prior occasions. On the day of his fall, Little was aware that it was the coldest day of the year, 18 degrees, and that water freezes at 32 degrees. After exiting his vehicle, Little gathered his belongings, a rolling briefcase, a shoulder strap briefcase, a digital camera bag, and a plastic sack containing his breakfast. Although aware that he could have gone around to the front of the building and entered, thereby avoiding the rushing water, Little nonetheless chose, rolling one briefcase and carrying all of the rest of his belongings, to walk through the water. Although aware of the water and the temperature, Little did not consider whether the water could have frozen and created a slippery condition. As he stated, "[a]t the time I just didn't think."

"A plaintiff is held accountable for the failure to exercise due care for personal safety when doing an obviously dangerous act, and that failure is regarded as the sole proximate cause of the injury." (Citation omitted.) *City of Winder v. Girone*, 265 Ga. 723, 724 (1) (462 SE2d 704) (1995). See also *Bloch v. Herman's Sporting Goods*, 208 Ga. App. 280 (430 SE2d 86) (1993); *Bowman v. Richardson*, 176 Ga. App. 864 (338 SE2d 297) (1985). Just as Girone knew she was traversing a patio covered with sewage, Little knew he was traversing a flowing stream of water on an 18-degree day while carrying or pulling three cases and his breakfast. See also *Sunlink Health Systems v. Pettigrew*, 286 Ga. App. 339, 341 (649 SE2d 532) (2007) (former 12-year employee of hospital, visiting sister there on a rainy day, whose fall was caused by accumulated rain water on flat concrete entrance walkway is charged with equal knowledge of this fact); *Moss v. Dept. of Public Safety*, 247 Ga. App. 426 (1) (543 SE2d 799) (2000); *Palermo v. Winn-Dixie Atlanta*, 221 Ga. App. 532, 533 (1) (472 SE2d 85) (1996).

Therefore, I believe summary judgment to the defendants should be affirmed.

I am authorized to state that Presiding Judge Johnson joins in this dissent.

DECIDED MARCH 27, 2008 —
RECONSIDERATION DENIED APRIL 14, 2008.

*Pope & Howard, J. Marcus Edward Howard*, for appellant.
*Carlock, Copeland, Semler & Stair, Wayne D. McGrew III, Spencer A. Bomar*, for appellee.